## JOHN BAILEY v. GEORGE A. BECK.

1. IMPEACHING VERDICTS; *Affidavits of Jurors.* Where five of the jurors who tried a cause made an affidavit discrediting their verdict, and afterward one of such five jurors made another affidavit, stating that he did not understand when he made his first affidavit that he discredited the verdict, and also stating that what he and the other four jurors stated in said first affidavit was not true; and afterward five others of the jurors who tried said cause, made an affidavit stating that what was stated in said first affidavit was not true, and stating that the verdict was fairly found after due deliberation and discussion, and the court below sustained the verdict, *held,* (without deciding whether said affidavits were properly received or not,) that the preponderance of the evidence was in favor of the verdict, and that the ruling of the court below sustaining the verdict will be affirmed.

2. ———— Where the jury, while deliberating upon what their verdict should be, agreed that each juror should mark what he believed it should be, and each juror did so mark, some marking a large amount for the plaintiff, some a small amount, and others nothing, and then they added all the several sums so marked together, and divided the aggregate amount by twelve, but at no time did they agree that the result of such marking, aggregation, and division, should be their verdict, and it was not their verdict, but afterward, and upon due deliberation and consultation, they agreed upon a different amount, which they returned as their verdict, and the court below sustained such verdict, *held*, that the ruling of the court below sustaining said verdict must be affirmed.

### *Error from Crawford District Court.*

ACTION by *Beck* against *Bailey*, to recover a balance alleged to be due on an account for sawing lumber, and for work and labor. Trial at January Term, 1877, and verdict and judgment for plaintiff. New trial denied, and *Bailey* brings the case here.

*Pursell & Wood*, for plaintiff in error.

*Voss & Voss*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error, defendant below, claims that the verdict of the jury upon which the judgment of the court below in this case was rendered, was found by the jury in the following manner, to wit:

"The jury in said cause, while in the jury room deliberating on their verdict, agreed that each juror should mark down the amount he thought the plaintiff below, defendant in error, ought to recover from the defendant as damages, and that then such amounts should be added together and the aggregate sum thereof should be divided by twelve, the whole number of jurors present, and that the result or quotient should be their verdict; and such estimate, so obtained and arrived at, the said jury returned in writing, duly signed by their foreman, into open court, and declared the same to be their verdict, and was received by the court, and the jury was thereupon discharged."

Upon this ground the defendant, who is now plaintiff in error, moved for a new trial. On the hearing of the motion,

the defendant read in evidence an affidavit signed and sworn to by five of the jurors, stating that the verdict was found in the above manner. The plaintiff, now defendant in error, then read in evidence two affidavits. The first was an affidavit of one of said five jurors, who stated that he did not understand when he made his first affidavit that he swore as above stated, and also that the verdict was not so found or obtained as above stated. The other affidavit was signed and sworn to by five of the jurors who tried the cause, and they stated that the verdict was not found or obtained as above stated, but was found fairly after due deliberation and discussion. And, in explanation, they further stated:

"That the jury, soon after they had retired to consider of their verdict, did agree that each one or member of said jury should vote or put down in writing just what he would like or desire the verdict to be, and they did so, some voting a large amount, some small, and some nothing, and aggregated the amount and did divide the same by the number 12; but did not agree in advance or at any other time that the said quotient or result of said vote or expression of opinion by said jury, should be the verdict of said jury. Said vote was taken to ascertain the opinion of each member of said jury, and a verdict was [not] arrived at by such means or aggregation. When said amount was ascertained by adding up the said several amounts which each juror so voted, the jury refused to find the same as their verdict, but did finally agree upon another and different amount, which was the verdict rendered in said cause and was finally agreed upon by all, after a long and careful consultation; and when said verdict was finally and without lot or aggregation agreed upon by each one of said jurors, it was then returned into court in the usual manner."

For the purposes of this case we shall assume without deciding the question, that all the foregoing affidavits were rightfully and properly received and considered by the court below. (*Perry v. Bailey*, 12 Kas., 539; *Wright v. The I. & M. T. Co.*, 20 Iowa, 195, 210; *Hendrickson v. Kingsbury*, 21 Iowa, 380; *Cowles v. Chicago, R. I. & P. R. R. Co.*, 32 Iowa, 515.). Numerous cases might be cited showing that affidavits of jurors cannot be received to impeach or overthrow their

verdict. 9 U. S. Dig. (F. S.) 523, ¶ 323, *et seq.;* 1 Graham & Waterman on New Trials, 111 to 116. And still we think no error is shown requiring a reversal of the judgment of the court below. The preponderance of the evidence shows that the verdict was fairly and properly found. *First,* We have the presumption in favor of the jurors that they did their duty. *Second,* We have the presumption in favor of the court below that it decided correctly. *Third,* We have the affidavits of six jurors against four that the verdict was properly found. Under the circumstances of this case, we must presume that the facts with reference to the finding of said verdict were just as they were stated to be by the five jurors who made an affidavit in support of their verdict. And presuming the facts to be just as said five jurors stated them to be, we think the ruling of the court below in sustaining the verdict must be affirmed. The jury never agreed that the result obtained by aggregating the twelve separate amounts voted by the jurors respectively and dividing such aggregated amount by twelve, should be their verdict, and it was not their verdict. The verdict was the result of careful consideration and deliberation, and differed in amount from the result obtained by said voting, aggregation and division. Of course, if the verdict had been the result of such voting, aggregation and division, it should be set aside. And such voting, aggregation and division are not to be commended, although it was never intended that the result thereof should be the verdict or the basis of the verdict of the jury.

The judgment of the court below will be affirmed.

All the Justices concurring.