## CATHERINE MUNDY v. SARAH M. WIGHT.

1. TWO DEFENSES, *Separately Stated and Numbered.* When an answer contains two defenses, the first a general denial fully and separately stated, and the second a sufficient defense, commencing with these words in a new paragraph, "And for a further answer and second defense," which defense is also thereafter fully and separately stated, *held,* that although no figures were placed at the commencement of these two defenses, they were separately stated and numbered within the requirements of the code, and it was error on the part of the court to require any further separation or numbering.

2. SLANDER; *The Truth, a Full Defense.* The truth is a full defense in any civil action for slander, as well as for libel.

*Error from Lyon District Court.*

ACTION for an alleged slander, brought by *Sarah M. Wight* against *Catherine Mundy.* Trial at the September Term, 1880, of the district court, and verdict and judgment for the plaintiff for $50. The defendant brings the case here. The opinion contains a sufficient statement of the facts.

*Buck & Kellogg,* and *Sterry & Sedgwick,* for plaintiff in error:

1. The answer filed seems to us to be a full and literal compliance with both the spirit and the letter of § 94 of the code, and to have the sanction of twenty years' practice. (1 Kas. 255.) It comes fully within the rule laid down in Pomeroy on Remedies, § 716, *et seq.* See also Moak's Van Santvoord's Pleadings, 264, note 7, and 22 Barb. 244.

If the second defense was not a complete defense by itself, the proper remedy was, either a demurrer, or a motion to strike it out as redundant. There being but one defense alleged, the court had no right to compel the defendant to make this one defense into two. (13 Kas. 351.)

If the action of the court below should be attempted to be supported upon the ground that a numeral was not placed on the margin of the answer, we suggest that, under § 140 of the code, such a reason is altogether too trivial.

2. The court below seemed to have the idea that, in order to prove mitigating circumstances, a defendant must allege in his answer the facts constituting the same. Unless there is something in the code which requires facts in mitigation to be pleaded, the court undoubtedly erred in this matter. At common law, it was always. permissible to prove under the general issue any facts in mitigation in actions of slander. (19 Mich. 17; 43 Miss. 710; 27 Ind. 69.) Section 126 of the code expressly gives to a defendant the right to prove mitigating circumstances in defense to an action of this character; and this same action, by its construction, impliedly authorizes the proof of such facts, without pleading them, by stating what should be pleaded. (1 Nash's Pl. and Pr. 255, *et seq.*)

To say the least, the court below abused its discretion in refusing to allow defendant to amend her answer so as to show facts in mitigation, under § 139 of the code, and the repeated decisions of this court thereon. It cannot be answered to this, that the court, in allowing us so to amend, would forgive us, and remit the previous punishment inflicted for a disobedience of its order, because the facts which had been struck out by order of the court as a punishment were pleaded as a complete defense previous to the striking out. We asked to reinsert them in our pleading as a partial defense only, going to the question of the amount of damages.

*William Thompson,* for defendant in error:

1. The court very properly, upon the application of the plaintiff, ordered the defenses to be separately stated and numbered. This order not being regarded by the defendant, the court had a right, upon the motion of plaintiff, to order that part not separately stated and numbered to be stricken out. And when during the trial advantage was attempted to be gained by the defendant in asking leave, first to prove the matters of the allegations which the court had stricken out, and next to reinsert these allegations in the answer, the court very properly, in protecting its own dignity, refused both requests.

2. The decision in 1 Kas. 255 has no application to the point in discussion, as the most casual glance thereat will reveal. That two defenses, however inartistically worded, and which, if separately stated, would each or either of them be open to a demurrer, is no reason why if joined together under one head, as, "Second, and for a further answer, defendant says," etc., they should not be open to a motion to require them to be separately stated and numbered. In the proper order it is, separately state and number, and then demur to each or either. Such was the case here, as the record discloses.

3. The pleadings and trial of actions of slander are governed by the principles laid down in the civil code, except where the code has failed to supply any rule of guidance. The general rule undoubtedly is, that the evidence on the trial shall be confined to the allegations in the pleadings of either party not admitted by the other. In actions of slander a rule is given in § 125 of the code, by which to frame a petition and the manner in which the trial must be conducted if a general denial be made by defendant. Section 126 lays down the rule that "the defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances to reduce the amount of damages, or he may prove either." If, as plaintiff in error claims, the legislature intended that the defendant might prove either the truth of the matter defamatory, and mitigating circumstances, without alleging these, why did it prescribe that anything should be alleged if the defendant is in the same condition without such labor? Brinkerhoff, J., in 6 Ohio St. 520, in a dissenting opinion in a case tried under the old rule, but reviewed in the supreme court about the time the code went into operation, says: "But inasmuch as the code of civil procedure now provides that a defendant in an action for slander may set up in his answer not only justification, but also 'any mitigating circumstances, to reduce the amount of damages and prove either' — thereby affecting, *for the future*, such a *revolution* in the mode of conducting suits for slander, as to render a discussion of the principle" [the old rule] "of

Mundy v. Wight.

but evanescent, and therefore trifling interest, I do not think it worth while to enter upon it." The italics and words in brackets are our own.

The opinion of the court was delivered by

BREWER, J.: Defendant in error, plaintiff below, recovered a judgment for $50, in the district court of Lyon county, against the plaintiff in error, for an alleged slander. The first question arises on the ruling of the court, upon a motion of plaintiff to require the defendant to separately state and number her defenses, which motion was sustained. The answer reads as follows:

"Comes now said defendant, and for answer to the plaintiff's petition, denies each and every allegation thereof.

"And for a further answer and second defense, this defendant avers," etc.

And then it proceeds to allege a justification and matter in mitigation.

We think the court erred in sustaining this motion. The statute requires in respect to defenses, that "each must be separately stated and numbered." The purpose of this provision is, to require each defense to be so clearly and separately presented that it can be challenged by motion or demurrer, just as though it was the only defense; that there should be no dispute between the pleaders as to whether any specific allegation belonged to one defense or another. It is not a purely technical and arbitrary rule, and must be enforced according to its spirit. It is not essential that the numbers 1, 2, 3, etc., be placed at the beginning of the various defenses; it is enough if each defense is stated separately and distinctly from the others, and numerically prefaced. This answer, we think, fulfills the statutory requirements. The first defense is a general denial, separately stated and complete in itself, and the second defense is not only separately stated, but is numbered as such. It commences, "And for a further answer and second defense." This numbers it, divides it from all that has preceded, and makes the two defenses beyond all possibility of

1. Two defenses, separately stated and numbered.

confusion or doubt, separately stated and numbered. Any other construction disregards the requirements of § 140, which forbids any notice of an error or defect in the proceedings or pleadings which does not affect the substantial rights of the adverse party.

After sustaining this motion, the defendant failing to make any change in her answer, the court, on motion, struck out the second defense, and on the trial refused to permit an amendment of the answer by adding that which had been struck out, or to admit any testimony in support of such defense. The second defense contained a justification; alleged the truth of the slanderous statement charged against the defendant. If there was any defect in the manner of stating this justification — and we do not hold that there was — it was a defect to be cured by a motion to make the answer more specific and definite. The truth is a complete defense in all civil cases of libel or slander. (*Castle v. Houston,* 19 Kas. 417.) The justification was sufficiently pleaded as against any objection raised by the plaintiff.

2. Slander; the truth, a full defense.

The court erred in striking out this defense, and in refusing to permit plaintiff to prove the justification. For this error the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.