THE KANSAS CITY, WYANDOTTE & NORTHWESTERN RAILROAD COMPANY v. GEORGE A. FISHER.

CONDEMNATION PROCEEDING—*Compensation—Market Value.* The market value means the fair value of the property as between one who wants to purchase and one who wants to sell, not what could be obtained for it under peculiar circumstances when a greater than its fair price could be obtained, nor its speculative value; not a value obtained from the necessities of another; nor, on the other hand, is it to be limited to that price which the property would bring when forced off at auction under the hammer. It is what it would bring at a fair public sale when one party wanted to sell and the other to buy.

*Error from Leavenworth District Court.*

THE opinion states the case.

*William C. Hook, M. Summerfield,* and *Pratt, Ferry & Hagerman,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

2—49 KAS.

The opinion of the court was delivered by

HORTON, C. J.: The judgment in this case must be re-versed, upon the authority of *K. C. W. & N. W. Rld. Co. v. Ryan*, just decided.   In this case, as in that, the trial judge was dissatisfied with the verdict of the jury and stated that it did not meet with his approval.   He, however, said that he would "stand out of the way," and then overruled the mo-tion for a new trial.   It was his duty to set the verdict aside and grant a new trial.   Upon the trial, the railroad company asked the jury to be instructed as follows:

"The market value means the fair value of the property as between one who wants to purchase and one who wants to sell, not what could be obtained for it under peculiar circum-stances when a greater than its fair price could be obtained, nor its speculative value; not a value obtained from the ne-cessities of another; nor, on the other hand, is it to be limited to that price which the property would bring when forced off at auction under the hammer.   It is what it would bring at a fair public sale when one party wanted to sell and the other to buy."

This was refused.   We think it should have been given, in order that the jury might clearly understand the proper defi-nition of market value, or fair value of the property appro-priated.

The judgment of the district court will be reversed, and the cause remanded for a new trial. 3 Suth. Dam. 462; *Law-rence v. Boston*, 119 Mass. 126.

All the Justices concurring.