THE OMAHA, HUTCHINSON & GULF RAILWAY COM-
PANY v. M. DONEY.

No. 78.

1. RIGHT OF WAY—*Measure of Damages.* The measure of damages to land by the location of a railroad through it, aside from the value of the land appropriated for the right of way, is the depreciation in the market value of the land by reason of such location of the road; and, as tending to show such depreciation, all the inconveniences directly caused by the road may be taken into consideration.

2. ——— *Evidence as to Smoke and Noise—its Purpose.* Upon the trial of an appeal from the award of commissioners for compensation for the value of land taken by a railroad company in condemnation proceedings, and for damages sustained by the owner of the land by reason of such taking, in determining the question as to the actual depreciation of the market value of the balance of the land resulting from the construction of the road through it, evidence may be permitted, and the jury have a right to take into consideration the proximity of the road to the house of the owner, and the noise and smoke in the operation of the trains; but these facts cannot be taken into account as a basis or grounds for awarding damages, because they rest upon sources of injury too remote.

3. ——— *Instruction as to Basis of Damages.* It is error for the court to refuse an instruction to the jury to the effect that such inconveniences are not a basis for awarding damages in condemnation proceedings.

MEMORANDUM.—Error from Kingman district court; S. W. LESLIE, judge. Appeal from award of damages for right of way by M. Doney against The Omaha, Hutchinson & Gulf Railway Company. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed February 6, 1896, states the material facts.

*W. M. Whitelaw,* for plaintiff in error.

The opinion of the court was delivered by

COLE, J.: This was an appeal from the award of commissioners for compensation for the value of land

taken by the Omaha, Hutchinson & Gulf Railway Company in condemnation proceedings, and for damages sustained by the owner of the land by reason of such taking. The railway company brings the case here for review. All the alleged errors in this case may be considered together, for all relate to practically the same question. It appears from the record that the plaintiff in error, in the construction of its line of road, crossed a three-acre tract belonging to the defendant in error, located in the suburbs of the city of Kingman. Condemnation proceedings were had under the statute, and the defendant in error appealed from the award of the commissioners. Upon the trial of this appeal in the district court, evidence was received, over the objection of plaintiff in error, as to the damages sustained by reason of the smoke, noise, jarring of the ground from the operation of the trains of said road, and the proximity of the road to the house of the owner. At the close of the testimony, plaintiff in error requested the court to instruct the jury that no damages could be awarded in favor of the defendant in error on account of the smoke, noise, escape of steam, and the operation and running of trains, which instruction the court refused. The jury returned a verdict allowing $100 as damages for the land appropriated, $200 for damages on account of noise, smoke, steam, and operation of trains, and $246 for other causes not specified. The admission of the evidence with regard to these inconveniences and the refusal of the court to give the instruction requested are what the plaintiff in error here complains of.

We are of the opinion that this case was tried upon an erroneous theory of the law. It is contended by plaintiff in error that in the assessment of damages sustained by the owner of land, by reason of the construction of a railroad through it, evidence is not per-

missible as to the noise, smoke, and such kindred inconveniences, and counsel relies in support of his position on the decisions of our supreme court in *A. & N. Rld. Co. v. Garside*, 10 Kan. 552, and *K. N. & D. Rly. Co. v. Cuykendall*, 42 id. 234. These cases hardly support the view contended for by counsel. Both were actions brought by owners of abutting property for damages sustained by reason of the operation of a railroad over a public highway adjoining their premises, the latter case simply reaffirming the doctrine laid down in the former. In the Garside case, the court held that damages for the inconveniences above named could not be recovered, first, for the reason that the plaintiff, not being the owner of the fee in the public highway, sustained no damage from the causes named which was not sustained by the public in general; and second, that such damages are too remote to form the foundation for a cause of action; and this we conceive to be the proper rule in cases of this character. But where a railroad is constructed across the premises of a person, the measure of damages, aside from the value of land actually appropriated, is the depreciation of the market value of the balance of the premises resulting from the construction of the road, and in determining what this depreciation is, evidence may be permitted, and the jury have a right to consider the proximity of the road to the house or other buildings of the owner, the smoke and noise incident to the operation of the road, and any other inconvenience directly caused by the construction of said road, not as a basis or ground for damages, but as affecting the market value of the premises. (*Weyer v. C. W. & N. Rld. Co.*, 68 Wis. 181; *Hartshorn v. B. C. R. & N. Rly. Co.*, 52 Iowa, 613; *O. & N. P. Rld. Co. v. Janecek*, 30 Neb. 276; *Railway Co. v. Gardner*, 45 Ohio St. 309.)

When evidence is permitted, however, of the inconveniences above named, the trial court should properly instruct the jury as to the purpose for which such evidence is received, and the refusal of the trial court so to instruct, when requested, is material error.   In this case, the trial court proceeded upon the theory that the owner of land across whose premises the railroad is constructed had a right to recover specific damages for such inconveniences as are above named. This was error.   Ordinarily, where the jury have found a specific amount of damage upon an erroneous measure of damages a modification of the judgment is sufficient, but in this case such an order would be unfair to both parties to this action.   The evidence in the case, aside from that which establishes the value of the land actually appropriated, was practically confined to the supposed elements of damage above described, and while the jury allowed a specific sum for such damage the evidence does not sustain a verdict for any other damages.

We therefore deem it proper to remand the case for another trial under proper instructions from the court. The judgment of the district court is reversed, and this cause remanded for a new trial.

. All the Judges concurring.