THE CITY OF OTTAWA v. ROZETTA GILLILAND.

No. 12,318. (65 Pac. 252.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Erroneous Practice.* Where a jury agree that each member shall submit a sum which he thinks one of the parties ought to receive, that the sum of these shall be divided by the number of jurors, the quotient to be their verdict, and this is done and a nominal sum added for the purpose of making the amount an even number, without further deliberation or consideration, the verdict should be set aside.

2. PERSONAL INJURIES—*Physical Examination.* In an action to recover damages for personal injuries, the trial court may require the injured party to submit the unexposed portion of his person to a private examination by physicians or surgeons appointed by the court, when, in the exercise of a sound judgment, it appears to the court that the necessity of the case demands such an examination.

Error from Franklin district court; A. W. BENSON, judge. Opinion filed June 8, 1901. Division one. Reversed.

*A. A. Howell, C. A. Smart,* and *H. W. Page,* for plaintiff in error.

*William A. Deford,* and *F. A. Waddle,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The defendant in error commenced this action against the city of Ottawa to recover damages for personal injuries which she claims she sustained by reason of having been tripped or thrown on a defective sidewalk. In the court below she recovered judgment. The plaintiff in error, the defendant below, filed its motion for a new trial, alleging all the grounds mentioned in the statute. In support of the

charge of misconduct on the part of the jury, it filed the following affidavit of one of the jurors :

"M. L. Waldo, being duly sworn, on his oath says : I was a juror in the above-entitled cause tried at the September term of Franklin district court, 1895. In determining the amount of the verdict rendered therein, it was agreed that each juror should give the sum to which he thought the plaintiff was entitled under the evidence, and that the sum of these amounts so given should be divided, by twelve, or the number of the jurors, and that the amount, or average resulting therefrom, should be the amount of the verdict, which was accordingly done. I further state that the sum of $300, the amount of the verdict, was the average found, substantially, being a few dollars in excess of the actual average, which, to make the amount an even sum, was increased to $300."

It appears from this affidavit that it was agreed by the jury that each juror should give the sum to which he thought the plaintiff below was entitled and that the sum of these amounts should be divided by the number of jurors ; the quotient to be the amount of plaintiff's verdict. This was done. The amount so found was nearly $300, but for the purpose of making the amount an even sum it was increased to $300. This verdict cannot be sustained. (*Johnson v. Husband*, 22 Kan. 277 ; *Werner v. Edmiston*, 24 id. 147.)· After the amount was found by marking, aggregating and dividing there was no reconsideration. The addition to that amount was not made after a further consideration and decision of the cause upon its merits, but was for the one purpose of making an even amount. The law demands of each juror an honest consideration of the rights of the parties litigant and the exercise of his best judgment, guided by the law and evidence of the case. A verdict reached in any other way should

be set aside.   We think the court erred in not granting the defendant below a new trial.

Counsel for plaintiff in error present another question which will likely arise in a new trial of this cause, and for this reason it demands the attention of this court at this time.   Upon the trial, defendant requested the court to appoint two reputable physicians and make an order that the plaintiff below submit to an examination by them, for the purpose of ascertaining the location and extent of her physical injuries. To this the plaintiff below objected, which objection was sustained by the court, and the defendant below alleges this as error.

In the case of *A. T. & S. F. Rld. Co. v. Thul*, 29 Kan. 466, 44 Am. Rep. 659, it was held by this court that "it was reversible error for the court to refuse to make an order for the examination of the eyes of the plaintiff," and the correctness of that decision has never been questioned.   The application in this case was that the plaintiff below submit the unexposed portion of her person to the examination of a committee of physicians selected by the court.   Upon this question there has been considerable diversity of opinion.   In New York it was held that a court had no power to make such an order.   Afterward it was held that such power was inherent in the court ; but in the decision of *McQuigan v. D. L. & W. R. R. Co.*, 129 N. Y. 50, 29 N. E. 235, 14 L. R. A. 466, it was finally settled as the law of that state that the court possessed no such power.   Following this decision, and in 1893, the legislature of that state amended its code of civil procedure, conferring upon the courts authority, in actions for personal injuries, and upon proper application and showing of necessity, the power to make an order that the injured party submit to a medical examination.

In Missouri, in *Loyd et al. v. H. & St. Joe R. R. Co.*, 53 Mo. 509, it was proposed to call in two surgeons to make a physical examination during the progress of the trial. This was refused, on the ground, as stated by the court, "that it was unknown to our practice and to the law." But in *Shepard v. The Mo. Pac. Ry. Co.*, 85 Mo. 629, 55 Am. Rep. 390, the court modified its previous holdings, saying:

"There are respectable authorities which hold that the court may order such personal examination. There are others to the contrary. We are inclined to hold with the former, but not that a party has an absolute right to have such a personal examination. It is a matter in which the court has a discretion, which will not be interfered with unless manifestly abused."

In *Parker v. Enslow*, 102 Ill. 272, 40 Am. Rep. 588, in an action on a promissory note given in settlement of a threatened action for damages which it was claimed the plaintiff had suffered to his eyes by reason of the negligent acts of defendant, on the trial the defendant asked an order requiring the plaintiff to submit to the examination of his eyes by medical experts. The trial court refused, and the supreme court, in passing upon the question, dismissed the subject in the following language:

"Complaint is also made that the court refused to compel appellee to submit his eyes to the examination of a physician in the presence of the jury. There was no error in this. The court had no power to make or enforce such an order."

In *The Pennsylvania Company v. Newmeyer*, 129 Ind. 401, 28 N. E. 860, in an action for personal injuries, the court said:

"In the absence of a statute authorizing it, and none exists in this state, a party to an action is not required to submit his person to an examination of his injuries by surgeons appointed by the court for that purpose."

In the case of *Botsford v. U. P. Rld. Co.*, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734, the supreme court of the United States expresses its dissent in the following language :

" The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To compel any one, and especially a woman, to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault, and a trespass ; and no order or process commanding such an exposure or submission was ever known to the common law in the administration of justice between individuals, except in a very small number of cases, based upon special reasons, and upon ancient practice, coming down from ruder ages, now mostly obsolete in England, and never, so far as we are aware, introduced into this country."

This decision was followed in *Illinois Cent. R. Co. v. Griffin*, 80 Fed. 278, 25 C. C. A. 413.

These are the principal authorities against the proposition which in our research we have been able to discover. In several of the states this question has been presented and a decision avoided, as appears in the cases of *S. C. & P. R. R. Co. v. Finlayson*, 16 Neb. 578, 20 N. W. 860 ; *Ellsworth v. City of Fairbury*, 41 id. 881, 60 N. W. 336 ; *City of Chadron v. Glover*, 43 id. 732, 62 N. W. 62 ; *I. & G. N. Ry. Co. v. Underwood*, 64 Tex. 463 ; *G. C. & S. F. Ry. Co. v. Norfleet*, 78 id. 321, 14 S. W. 703.   We think, however, that the great weight of authority, as well as reason, is against the decisions of the courts above cited, and in favor of the opinion that, when a proper case presents itself, the court not only has the power to require a plaintiff in an action to recover damages for personal injuries to submit to a physical examination, but that it ought to exercise it.   The opinion in the case of *Botsford v. U. P. Rld. Co.*, supra, is greatly

weakened by the dissenting opinion of Mr. Justice Brewer, concurred in by Mr. Justice Brown, and we think the latter the better reasoning. While we have the greatest respect for the decision of that court, the opinion in that case does not convince our reason. We think it a sacrifice of justice and the rights of parties to sentiment. In actions for personal injuries, the exact location and extent of the injury is frequently the very question in dispute, the fact to be ascertained. While the court in the exercise of its discretion should protect the feelings and sensibilities of all litigants, the rights of the parties and the ascertainment of the truth is the chief object of a trial. The purpose of a trial is to mete out exact justice. This cannot be accomplished when the truth is suppressed, and this may be done, if the court has not the power to ascertain what the truth is.

In an action for personal injuries, the injured party may call physicians, to whom he may expose his person, not for the purpose of effecting a cure, but for the purpose of using this expert testimony to assist him in the trial of his case. He may also expose the injured portion of his person to the jury, observing the rules of decency. Should the litigant be permitted to withhold the truth or the means of ascertaining what the truth is simply because, in the ascertainment of the truth, he may conceive the idea that an indignity is being offered? That is not an indignity which is not so intended. May he be permitted to present so much of the truth as he desires and as he thinks to his interest and withhold the remainder? This would certainly be his privilege if the court does not possess the power to make an order that will develop the exact truth. It is suggested by some of the authorities which hold contrary to the views herein ex-

pressed, that the rule would operate harshly upon delicate and modest females.  We think such may safely rely upon the courts of this country.  An examination should not be ordered needlessly, or where there might be a shock to one's modesty or feelings of delicacy.  We only decide that the court has the power ; it should be exercised according to the sound discretion of the presiding judge.  It is safer in the administration of justice to trust to the courts to protect the sensibilities of the parties in such examinations, so far as it is possible to do so, and beyond that to hold them subordinate in importance and sacredness to the interest of justice, than to hold that a party to a litigation has it within his power to develop so much of the facts as may appear to be to his interest and then stop the investigation.

The great weight of authority seems to favor this view.  In the ascertainment of the physical condition of the litigants in divorce actions, a physical examination was allowed at common law.  (*Devanbagh v. Devanbagh*, 5 Paige, 553, 28 Am. Dec. 443 ; *Newell v. Newell*, 9 Paige, 25.)  The authorities supporting this doctrine in actions for personal injuries are numerous and ample.  In *O'Brien v. The City of La Crosse*, 99 Wis. 421, 75 N.W. 81, 40 L. R. A. 831, the court held :

"In an action for personal injuries, the defendant has, in the absence of statute, no absolute right to have a personal examination of the injured party by physicians, but such right rests in the sound discretion of the court."

In *Turnpike Co. v. Baily*, 37 Ohio St. 104, the court said :

"In an action to recover for personal injuries caused by the negligence of the defendant, the court has power to require the plaintiff to submit his per-

son to an examination by physicians or surgeons, when necessary to ascertain the nature and extent of the injury."

In *Graves v. City of Battle Creek*, 95 Mich. 266, 269, 54 N. W. 757, 758, 19 L. R. A. 641, 642, the court used the following language :

"The question whether the trial court has the power, under any circumstances, to require the plaintiff in an action for personal injuries to submit to an examination by a physician, before the jury, of the portion of the body alleged to have been injured, is answered in the affirmative."

In speaking of the decision of the case of *Botsford v. U. P. Rld. Co.*, supra, the court said :

"This decision is entitled to very great weight, but, in view of the manifest justice of a requirement that the plaintiff in case of personal injury shall produce the best evidence attainable, we think this case should not be permitted to stem the otherwise almost unbroken current of authority upon this subject."

In *Railway Company v. Dobbins*, 60 Ark. 481, 30 S. W. 887, 31 S. W. 147, which was an action for personal injuries, it was said :

"The court may require a plaintiff suing for personal injuries, alleged to be permanent, to submit to an examination of his person by experts, and may direct that it be made in court or elsewhere."

In *The Richmond & Danville Railroad Co. v. Childress*, 82 Ga. 719, 9 S. E. 602, 3 L. R. A. 808, it was held :

"It is within the discretion of the trial court to require the plaintiff suing for physical injury alleged to be permanent to submit to an examination by competent physicians, at the instance and at the expense of the defendant in the action, to ascertain the nature, extent and probable duration of the injury, so as to afford means of proving the same at the trial."

In *Ala. Great Southern R. R. Co. v. Hill*, 90 Ala. 71, 8 South. 90, 9 L. R. A. 442, it was held :

"Where the plaintiff, a young unmarried woman, sues to recover damages for personal injuries sustained from the derailment of the car in which she was riding as a passenger on the defendant's railroad, and her attending physician has testified, from an examination of her person several times repeated, as to the nature, character, extent and probable consequence of her internal injuries, but the correctness of his diagnosis is questioned by other physicians, the defendant has the right to insist that she shall submit to a personal examination by one or more other physicians or surgeons, under the direction and control of the court, and the refusal to order such examination is a reversible error, when it appears that her life or health would not be thereby endangered."

In Thompson on Trials, section 859, it is said :

"In modern trials of civil actions for physical injuries, the question has frequently arisen whether the court has power to order an inspection of the body of the plaintiff or person injured, for the purpose of ascertaining the nature and extent of the injuries. Some of the courts, carrying in their minds no higher conception of a judicial trial than the conception that it is a combat, in which each of the gladiators is permitted, within certain limits, to deceive and trick the antagonist and the umpire, have denied the right of the defendant to have an order for such inspection. Other courts, taking the more enlightened view that the object of a judicial trial is to enable the state to establish and enforce justice between party and party, have held that it is within the power of the trial court, in the exercise of a sound *discretion*, in proper cases, upon an application seasonably made, under proper safeguards designed to preserve the rights of both parties, to order such an inspection, and to compel the plaintiff or injured person to submit to it."

We are of the opinion that the trial court has the

power, in actions for personal injuries, to require the plaintiff to submit to a private physical examination by a board of physicians selected by the court; that such power should be exercised cautiously, and only when necessary to a full determination of the facts, and with every care possible to protect the feelings and sensibilities of the party. In this case, the court did not abuse its discretion.

For the other reasons herein expressed, the judgment of the court below is reversed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.