JOHN W. TAYLOR, *Appellee,* v. E. F. ABBOTT *et al., as Partners, etc., Appellants.*

No. 17,124.

HEADNOTE BY THE REPORTER.

JUDGMENTS—*"Quotient Verdict"—Evidence—Conclusiveness of Findings.* The question whether a "quotient verdict" was returned held to have been one of fact, as to which the decision of the trial court, founded on conflicting evidence, was conclusive.

Appeal from Miami district court. Opinion filed June 10, 1911. Affirmed.

*S. J. Shively,* for the appellants.

*Frank M. Sheridan, Charles T. Meuser,* and *Bernard L. Sheridan,* for the appellee.

*Per Curiam:* The only question in this appeal is whether a verdict should have been set aside on the ground that it was a "quotient" verdict. One juryman

testified that the result was reached "by adding the sums named by the respective jurors, and then by dividing the sum total by twelve," in pursuance to a previous agreement that the sum so arrived at should be their verdict, and which sum was accordingly returned as such. Two jurors testified that the jury first took a ballot to see if they would arrive at their verdict by addition and division, but that after the quotient was found another ballot was taken to determine whether that sum should be returned as their verdict, and that the process was "simply . . . for the purpose of seeing if we could not come closer together on the amount, as there was a great variance as to the amount that the plaintiff would be entitled to, and we never agreed beforehand that we would arrive at our verdict in that way."

The plaintiff's evidence brought the case within the rule stated in *City of Kinsley v. Morse*, 40 Kan. 588, and the conflict of evidence having been resolved in his favor the judgment is affirmed.