Roach v. Skelton.

---

H. ROACH, *Appellant,* v. J. W. SKELTON, *Appellee.*

No. 17,273.

#### SYLLABUS BY THE COURT.

JUDGMENT—*Evidence*—*Verdict.* To justify the reversal of a judgment, rendered in accordance with a verdict, on the ground that irrelevant evidence was admitted, it must appear that the evidence was not only irrelevant but was also prejudicial to the rights of the complainant.

Appeal from Trego district court. Opinion filed December 9, 1911. Affirmed.

*David Ritchie,* for the appellant.

*Lee Monroe,* and *W. S. Roark,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant, as plaintiff, alleges that in March, 1908, he bought of appellee a herd of about fifty-six head of cattle, about forty-six of which he alleges were registered Herefords; that as a part of the consideration for the purchase price of the cattle, the appellee agreed to deliver to him proper certificates of registration for each of said cattle, and further agreed that within a reasonable time after the delivery of the cattle he would go to appellant's place of residence, where said cattle were kept, and would designate each of the animals to which the respective certificates of registration related; that the appellee has, ever since the delivery of the cattle, failed, neglected and refused to designate the cattle as agreed; that by reason of such failure the appellant was damaged in the sum of $700.

The appellee admits the sale of the cattle but denies that he ever agreed to identify them or point out any of them or ever became obligated so to do; he also alleges that more than one-half of said cattle were at the time of the sale plainly marked with identification metal tags, attached to the ear, which were fully pointed out and explained to appellant at or shortly after the time of sale. Appellee further contends that a portion only of the cattle were registered Herefords and a portion had not been registered; that for more than sixty days after the sale he remained in the neighborhood where the cattle were kept, and again returned to the neighborhood in the fall of 1908 and remained there several months. And although under no obligation to do so, he, on divers occasions, offered to appellant to designate and assist him in marking such of the animals as the appellant was unacquainted with and desired to have identified, but the appellant evinced no desire or willingness to avail himself of such services and failed and neglected to afford the appellee any reasonable opportunity to make any further identifica-

tion of the cattle until they had become so altered and changed in appearance that a further identification of ·them by the appellee had become impossible.

. The evidence shows that an attempt was made to identify the cattle in December, 1908; that two or three were examined and that appellee failed to identify them. The evidence was quite conflicting as to the circumstances. The appellee testified that he requested that the cattle be kept together and run through a chute; that the appellant declined to put the cows through the chute for fear of injury, and that the cattle were scattered on either side of a river; that when the cattle were brought into the corral the fence was insufficient to keep them in and the tags could not be examined unless the animals were kept still. The evidence was not disputed and there is no proof of a request to identify the cattle at any other time.

The court erroneously permitted evidence to be introduced, over the objection of the appellant, that the cows had to some extent run with scrub or grade bulls the season before the sale in question. The only claim for damages was the alleged failure of appellee to designate which particular animal then in being was referred to in each particular certificate of registration, and no damages are asked on account of the breeding of the prospective increase. This evidence had no bearing on the issues in the case, but it is not apparent that it was prejudicial to the rights of appellant.

The principal question of controversy seems to be whether the appellant used reasonable diligence in attempting to identify the cattle and whether he allowed the appellee a fair opportunity to identify the cattle at the time the attempt to identify was made. The appellant had full opportunity to produce his evidence and had several witnesses, and the case was submitted to the jury under instructions in which there is no substantial

5—86 KAN.

error. The jury returned answers to the following special questions of fact:

"No. 1. Did the plaintiff buy said cattle with the intent and purpose of handling them as pure-bred, registered cattle for breeding purposes? Answer. No.

"No. 2. Did the defendant at the time of the sale inform the plaintiff that the cattle were mixed? Answer. Yes.

"No. 3. Did the plaintiff exercise all reasonable diligence to identify the cattle that were marked? Answer. No.

"No. 4. Did the plaintiff at the time he purchased the cattle know that a portion of them would be difficult and doubtful of identification? Answer. Yes."

The jury also returned a general verdict in favor of the appellee, which was approved by the court, and judgment was rendered accordingly.

The judgment is affirmed.