No. 19,230.

VAN C. HAMILTON, *Appellant*, v. THE ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Value of Land—Evidence of Assessor Competent*. A judgment will not be reversed because an assessor testifies that he assessed the real estate in controversy at certain valuations, instead of being asked to give his opinion as to the value of the real estate.

2. SAME—*Excluded Evidence—Not Produced on Motion for New Trial*. Error in the exclusion of evidence will not be considered when that evidence is not produced on the hearing of the motion for a new trial.

23—95 KAN.

3. SAME—*Instruction Relative to Value of Land Not Erroneous.* When the value of land, arising out of condemnation proceedings, is in issue, an instruction which permits the jury to take into consideration "everything that tends to make the property more valuable or less valuable" is not erroneous.

4. SAME—*No Error in Court's Instructions.* A judgment will not be reversed because of complaint that the court did not properly, correctly and fully instruct the jury, where the instructions given correctly stated the law and no request was made for other or additional instructions.

5. SAME—*No "Quotient Verdict."* A judgment will not be reversed because the jury resorted to the process of addition and division, without any agreement that the result of such addition and division should be the verdict, where the jury afterwards deliberated further and agreed upon a verdict.

6. SAME—*Conduct of Jury—No Prejudicial Error Shown.* Before a judgment will be reversed because of misconduct of part of the jurors in making statements in the jury room, based on the knowledge of such jurors outside the evidence, where upon the whole record it appears that substantial justice has been done, it must affirmatively appear that the substantial rights of the party complaining have been prejudiced thereby.

7. SAME—*Evidence—Photograph.* It is not an abuse of discretion to admit a photograph of land in evidence where the value of the land is in controversy.

8. SAME—*Jurors' Knowledge of Value of Land—No Prejudice Shown.* Knowledge of part of the jurors of the value of land, and statements concerning that value in the jury room, in a case where the value of the land is in controversy, does not justify this court in holding that the verdict of the jury was given under the influence of passion and prejudice.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed May 8, 1915. Affirmed.

*Thomas E. Wagstaff, T. H. Stanford,* and *G. T. Stanford,* all of Independence, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff was the owner of certain pasture lands, a portion of which was condemned for the use of the defendant company for the construction of a reservoir for storing water. The condemnation commissioners awarded the plaintiff $5500. He appealed to the district court, where he recovered judgment for $5513.40. He appeals again, and contends that he should be granted a new trial, for reasons which we discuss.

(1) The plaintiff complains that the assessor was permitted to testify that he assessed the lands in controversy at certain valuations. This testimony was objected to as being incompetent. The assessor was a competent witness, and if asked his opinion as to the value of the lands, would have been properly permitted to give that opinion. He made the assessment under oath. The law requires that land be assessed at its true value in money, the value thereof to be determined by the assessor, from actual view and inspection of the property. (Gen. Stat. 1909, § 9247.) The plaintiff argues that this evidence was prejudicial to him. We can not see how such prejudice resulted. The assessor, in the assessment, fixed the value of the lands lower than that fixed by some of the witnesses. The error, if any there was, by which the assessor was permitted to testify as to the value of the lands fixed by him in his assessment instead of giving his opinion as to the value of the lands, does not seem to be sufficient to cause a reversal of the judgment.

(2) The next complaint is, that the court erred in not permitting John Dodson, a witness on behalf of plaintiff, to testify concerning the rental value of the land "in the light of the best stock and the best advantage that that pasture could be put to." This followed other questions connected with it, and these questions all taken together show that the plaintiff was

trying to prove by this witness that this pasture had a certain rental value, calculated by the growth of cattle pastured thereon. Even if this was a proper method of proving the value, the question is not before this court so that it can be passed on. The question was not answered, and what the testimony of the witness would have been was not shown on the motion for a new trial. In the absence of this showing this question can not be considered. (Civ. Code, § 307; *Davidson v. Timmons,* 88 Kan. 553, 558, 129 Pac. 133; *Walter, Adm'r, v. Calhoun,* 88 Kan. 801, 129 Pac. 1176; *Williams v. Withington,* 88 Kan. 809, 812, 129 Pac. 1148; *Cheek v. Railway Co.,* 89 Kan. 247, 257, 131 Pac. 617; *O'Neal v. Bainbridge,* 94 Kan. 518, 146 Pac. 1165.)

(3) Complaint is made of the second instruction given, which, so far as it concerns the question now being discussed, is as follows:

"It is also proper for you, in estimating this compensation, to take into consideration, the fair usable or productive value, and this value involves everything that tends to make the property more valuable or less valuable."

It is contended that this is entirely too sweeping, because it permits the jury to take into consideration everything that tends to make the property less valuable. We do not see the force of this contention. The instruction, in effect, tells the jury to take into consideration everything that affects the value of the property. Nothing is excluded. This is proper, legal, and right. In addition to this, the next instruction states that the market value means the fair value of the property as between one who wants to purchase and one who wants to sell. (*St. L. K. & A. Rly. Co. v. Chapman,* 38 Kan. 307, 16 Pac. 695, 5 Am. St. Rep. 744; *K. C. W. & N. W. Rld. Co. v. Fisher,* 49 Kan. 17, 30 Pac. 111; *C. K. & W. Rld. Co. v. Parsons,* 51 Kan. 408, 31 Pac. 1082.)

(4)  It is next contended that the court erred in failing to properly, correctly, and fully instruct the jury as to the law in this case.  We have examined the instructions of the court, and we can not agree with the plaintiff.  In addition to this, it does not appear that the plaintiff requested any instruction.  In the absence of such a request he can not complain of any instruction not given.  This rule has been followed so long, and declared so often, that it seems useless to cite authorities.  (*The State v. Ingram,* 16 Kan. 14; *The State v. Rhea,* 25 Kan. 576, 577, 581; *Douglass v. Geiler,* 32 Kan. 499, 501, 4 Pac. 1039; *The State v. Pfefferle,* 36 Kan. 90, 96, 12 Pac. 406; *The State v. Peterson,* 38 Kan. 204, 211, 16 Pac. 263; *The State v. Rook,* 42 Kan. 419, 421, 22 Pac. 626; *Phinney v. Bronson,* 43 Kan. 451, 454, 23 Pac. 624; *The State v. Falk,* 46 Kan. 498, 500, 26 Pac. 1023; *Hoyt v. Dengler,* 54 Kan. 309, 38 Pac. 260.)

(5)  It is next argued that the verdict was a quotient verdict.  At the suggestion of one of the jurors each juror wrote his judgment of the value of one of the tracts of land involved.  These figures were added, and the total was divided by twelve.  It had not been agreed, previous to making this addition and division, that this should be the amount of the verdict.  The average shown by this addition and division was about $29.83.  After this was done the jury agreed to and fixed the value of this tract at $30 per acre.  The value of the other tract taken and the damage to the remainder of the two tracts not taken were afterwards fixed by the jury without any addition or division.  Does this conduct vitiate the verdict?  It has been held that a verdict obtained by marking the amount each juror thinks the amount of the verdict should be, adding these amounts together and dividing the sum by twelve, under an agreement that the quotient shall be the verdict, should be set aside and a new trial granted.  (*Johnson v. Husband,* 22 Kan. 277, 283; *Werner v.*

*Edmiston,* 24 Kan. 147, 150; *Ottawa v. Gilliland,* 63 Kan. 165, 166, 65 Pac. 252.)

In the case at bar there was no previous agreement to make the quotient the verdict. After the addition and division had been made, a definite amount, a little more than the quotient, was fixed. This is not sufficient to warrant this court in granting a new trial. (*Bailey v. Beck,* 21 Kan. 462, 464; *City of Kinsley v. Morse,* 40 Kan. 588, 20 Pac. 222; *Taylor v. Abbott,* 85 Kan. 198, 115 Pac. 979; *Campbell v. Brown,* 85 Kan. 527, 534, 117 Pac. 1010; *Rambo v. Electric Co.,* 90 Kan. 390, 394, 133 Pac. 553; *Sims v. Williamsburg Township,* 92 Kan. 636, 643, 141 Pac. 581.)

(6) The next complaint is that the jury took into consideration matters outside of the evidence introduced on the trial. While discussing the value of the land some of the jurors said they knew the land, and that $25 to $35 an acre was all it was worth. Prior to 1909 the rule was that any statement by any juror of any fact outside the evidence in the case which may have had a bearing upon any fact in issue, and which may have influenced the verdict of the jury, was misconduct, for which a new trial was granted. (*A. T. & S. F. Rld. Co. v. Bayes,* 42 Kan. 609, 22 Pac. 741; *The State v. McCormick,* 57 Kan. 440, 446, 46 Pac. 777; *The State v. Burton,* 65 Kan. 704, 709, 70 Pac. 640; *The State v. Lowe,* 67 Kan. 183, 72 Pac. 524.)

Prior to the revision of the code of civil procedure in 1909, section 140 read:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Gen. Stat. 1901, § 4574.)

A kindred section was 304, which read as follows:

"No exception shall be regarded, unless it is material and prejudicial to the substantial rights of the party excepting." (Gen. Stat. 1901, § 4751.)

· Under these sections, technical and immaterial errors that did not affect the substantial rights of the parties were disregarded. (*Knox v. Noble,* 25 Kan. 449, 451; *Mundy v. Wight,* 26 Kan. 173, 177; *Stone v. French,* 37 Kan. 145, 151, 14 Pac. 530; *Whittaker v. Voorhees, Sheriff,* 38 Kan. 71, 15 Pac. 874; *Stevens v. Matthewson,* 45 Kan. 594, 596, 26 Pac. 38; *St. L. & S. F. Rly. Co. v. French,* 56 Kan. 584, 589, 44 Pac. 12; *Mining Co. v. Robinson,* 67 Kan. 510, 512, 73 Pac. 102; *Hunter v. Allen,* 74 Kan. 679, 686, 88 Pac. 252; *Douglass v. Leavenworth County,* 75 Kan. 6, 8, 88 Pac. 557; *Hopkinson v. Conley,* 75 Kan. 65, 88 Pac. 549; *Snider v. Windsor,* 77 Kan. 67, 72, 93 Pac. 600; *Charpie v. Stout,* 88 Kan. 682, 683, 684, 129 Pac. 1166.)

By the revision of the code of civil procedure in 1909, section 304, above quoted, was eliminated. Section 140 became section 141, and was changed so as to read as follows:

"Any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party must be disregarded; and no judgment or order shall be reversed or affected by reason of such error or defect." (Gen. Stat. 1909, § 5734.)

The following section was added:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (Civ. Code, § 581, Gen. Stat. 1909, § 6176.).

These changes in the code have a purpose. That purpose is to prevent the reversal of judgments "where it appears upon the whole record that substantial justice has been done." If it does appear that substantial

justice has been done, and an error has been committed, it must appear that the error prejudicially affected the substantial rights of the party complaining. Knowledge of the value of land is possessed by practically every person of sufficient intelligence to make him a competent juror. Some one of the jurors on almost any jury will be personally acquainted with any tract of land in controversy, and will know something of its value. When a tract of pasture land is described to a jury in the county where the land is situated there will be some of that jury who will have definite, fixed and correct ideas of its value, without any evidence of that value being introduced. Jurors with this knowledge will speak of it in the jury room. If jurors of this kind are not wanted, they should be questioned on this subject when examined on their *voir dire,* and then challenged. If this is not done, this matter should be considered as waived. A case somewhat similar to this is *E. D. & W. V. R. C. v. Ward,* 29 Kan. 354.

It does not appear that the statements made in the jury room were prejudicial to the rights of the plaintiff. For that reason, this misconduct on the part of the jury must be disregarded. (*Roach v. Skelton,* 86 Kan. 63, 119 Pac. 315; *Smith v. Cement Co.,* 86 Kan. 287, 120 Pac. 349; *Leonard v. Hartzler,* 90 Kan. 386, 133 Pac. 570.)

(7) It is argued that the court abused its discretion in admitting in evidence photographs of land, and evidence of the value placed on the land by the assessor. The admission or rejection of evidence is not ordinarily a matter of discretion. This is a matter of law, and mistakes therein are erroneous rulings, for which, if they affect the substantial rights of the party complaining, and it does not appear upon the whole record that substantial justice has been done, a new trial will be granted. The photographs were proper evidence. The evidence of the assessor has already been discussed. We fail to see wherein the plaintiff was in-

jured by the admission of this evidence, or wherein the court abused its discretion in permitting this evidence to be submitted to the jury.

(8) The next contention is, that the verdict was given under the influence of passion and prejudice. This is argued because some of the jurors had seen the land and knew its value, and so stated in the jury room; and because of the evidence of the assessor. How this should induce passion and prejudice we do not understand. This misconduct of part of the jurors, and this evidence of the assessor, have already been disposed of.

On the whole, the case seems to have been fairly tried, and the plaintiff seems to have recovered judgment for a just and fair amount on account of the damage sustained by him. There is no error sufficient to warrant this court in reversing the judgment. The judgment is therefore affirmed.