No. 21,297.

WILLIAM SCHAAKE, *Appellee*, v. THE KANSAS CITY, KAW VALLEY & WESTERN RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS — *Railroad Right of Way* — *Proper Elements of Damages.* Where a railroad is laid through a tract of land and a part of it taken by eminent domain, injury to the remaining land, resulting from the digging of deep borrow pits on the part taken for a right of way, in which stagnant water will accumulate, as well as injury from weeds growing upon the right of way, from which seeds will be carried onto the adjoining land, may be considered in determining the depreciation of the remaining land.

2. SAME—*Not a "Quotient Verdict."* A verdict of a jury will not be set aside because in considering the amount to be allowed for the land taken, as one of the items of the total damages, each of the jurors set down his estimate of such damages and these were added together and the amount divided by twelve, where it does not appear that they agreed in advance that the result so obtained should be their finding, and where an amount differing from the result was adopted upon subsequent consideration, and also where the total amount of damages allowed was determined without resorting to the method of addition and division.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed February 9, 1918. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*S. D. Bishop,* of Lawrence, and *W. W. Hooper,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this condemnation proceeding, tried upon appeal in the district court, the jury awarded the plaintiff damages against the defendant in the sum of $8,000, and upon the appeal to this court the only questions raised relate to the admission of the evidence and the conduct of the jury in arriving at their verdict.

In the construction of a railroad through plaintiff's farm a high hill or embankment was made, and to secure earth for the fills deep borrow pits were made in front of plaintiff's home.

Schaake v. Railway Co.

Objection was made to testimony as to the depth and character of the pits, and complaint is made of the admission of the testimony. As water will accumulate in the deep pits and become stagnant, they will injuriously affect the plaintiff and his property. It has already been determined that this is an element of damages in a condemnation proceeding which may properly be submitted for the consideration of the jury. (*W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 16 Pac. 75.)

Some testimony was received, under objection, as to the noxious weeds which grow on the right of way and from which seeds are carried upon the adjoining land. Any definite injury to the adjoining land which, in the nature of things, will cause a real depreciation of its value, may be considered in determining the damage to the land not taken. The danger from fire in such a case may be taken into account in determining the depreciation of a tract of land through which a railroad is built. (*St. L., Ft. S. & W. Rld. Co. v. McAuliff,* 43 Kan. 185, 23 Pac. 102.) So, too, may injury to land resulting from smoke, soot, and noise in the operation of a railroad be considered in fixing the depreciation of the land. (*O. H. & G. Rly. Co. v. Doney,* 3 Kan. App. 515, 43 Pac. 831; 10 R. C. L. 155.) In the same way an injury resulting from weeds growing on the right of way may be given consideration.

It is next contended that the verdict and findings should have been set aside, because the doctrine of chance was applied to their adoption. As we have seen, the total amount of damages was fixed at $8,000, and in answer to special questions it was shown that this amount was made up of the following items: for the land taken, $3,100; for the land not taken, $4,108.37; for damages to growing crops, $50; and for interest on damages from the time of the condemnation, $741.63. Upon consideration of the items of damage the jury determined that the total damage for the land taken and for injury to that not taken was $8,000. In determining the value of the land taken each juror placed his estimate on a slip of paper, and from the addition of these amounts divided by twelve a result was found. There is a dispute in the testimony as to whether the jurors agreed in advance that this result should be treated as the value of the land taken. One juror said that there was no agreement in advance that the result should be taken as the value of the

land. Another said that the quotient obtained was not the amount named in the finding, which was finally determined to be $3,100. Under the testimony, the process of addition and division is little more than if each one had orally suggested in advance his valuation of the land, and, after finding the average of these estimates, they had finally adopted, not the average so obtained, but an amount not far from that average. Opinions as to the value of land vary greatly, and as the jurors were not bound to accept the average so found and did subsequently consider and agree that $3,100 was a fair valuation for the land, the result cannot, under the authorities, be regarded as a quotient verdict. (*Bailey v. Beck,* 21 Kan. 462; *Taylor v. Abbott,* 85 Kan. 198, 115 Pac. 979; *Campbell v. Brown,* 85 Kan. 527, 117 Pac. 1010; *Rambo v. Electric Co.,* 90 Kan. 390, 133 Pac. 553; *Sims v. Williamsburg Township,* 92 Kan. 636, 141 Pac. 581; *Hamilton v. Railway Co.,* 95 Kan. 353, 148 Pac. 648.)

In refusing the motion for a new trial the court practically settled all disputes in the testimony as to the conduct of the jury in favor of the plaintiff, and determined that there was no agreement in advance that the result reached in obtaining an average of their valuations should be their finding on that item. On the contrary, it must have been found that, after obtaining the estimates of the several jurors in the manner stated, the item was carefully considered, and the valuation finally fixed was their deliberate judgment.

We find no sufficient reason for disturbing the verdict, and therefore the judgment is affirmed.