No. 27,588.

THE STATE OF KANSAS, *Appellee*, v. CLAUD B. COLLINS, *Appellant*.

(266 Pac. 937.)

Opinion filed May 5, 1928.

*Walter L. Bullock,* of Dodge City, and *J. W. Burrow,* of Gage, Okla., for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *E. C. Minner,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of grand larceny. He was charged with stealing harness of the value of one hundred dollars and was convicted of stealing harness of the value of seventy-five dollars.

■ The defendant's first complaint is that the information was not properly drawn because it failed to allege the exact day on which the theft was committed. The information charged that the stealing was done "on the —— day of October, A. D. 1925." In *State*

*v. Bowman,* 106 Kan. 430, 188 Pac. 242, the information charged the stealing of cattle "on the —— day of November, 1915." There this court said it was not necessary to allege the exact date of the offense. See, also, *State v. Barnett,* 3 Kan. 250; *State v. Brooks,* 33 Kan. 708, 7 Pac. 591; *Topeka v. Crawford,* 78 Kan. 583, 96 Pac. 862; *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001.

■ Evidence was introduced which tended to prove that the defendant, at about the time of the alleged larceny, had stolen harness from a number of other parties. The defendant complains of the admission of that evidence. In *State v. Mall,* 112 Kan. 63, 209 Pac. 820, where the defendant was convicted of both grand and petit larceny, this court said:

"As part of the state's case on the particular larcenies charged against her, it was competent to show that she had a system of thieving and that the particular thefts charged were pursuant to that system." (p. 65.)

See, also, *State v. Ridgway,* 108 Kan. 734, 197 Pac. 199; *State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Bartholomew,* 116 Kan. 590, 227 Pac. 366. The evidence was competent; but if it had been error to admit it the error was cured by the court in instructing the jury not to take that evidence into consideration in arriving at the verdict.

■ The defendant complains of the conduct of the jury in arriving at the value of the harness stolen. There was evidence which tended to prove that each juror marked on a piece of paper his judgment of the value of the harness; that these amounts were added together, the sum divided by twelve, and thereafter an amount slightly in excess of the quotient was agreed on as the value of the harness; and that no juror placed the value of the harness at less than fifty dollars. The evidence did not show that there had been any agreement on the part of the jurors that the quotient should be the agreed value of the property. The value was agreed to after the quotient had been ascertained. That takes this case out of the rule declared in *Werner v. Edmiston,* 24 Kan. 147, cited by the defendant, and places it under the rule found in *Hamilton v. Railway Co.,* 95 Kan. 353, 357, 148 Pac. 648, where this court said:

"It has been held that a verdict obtained by marking the amount each juror thinks the amount of the verdict should be, adding these amounts together and dividing the sum by twelve, under an agreement that the quotient shall be the verdict, should be set aside and a new trial granted. (*Johnson v. Husband,* 22 Kan. 277, 283; *Werner v. Edmiston,* 24 Kan. 147, 150; *Ottawa v. Gilliland,* 63 Kan. 165, 166, 65 Pac. 252.)

"In the case at bar there was no previous agreement to make the quotient the verdict. After the addition and division had been made, a definite amount, a little more than the quotient, was fixed. This is not sufficient to warrant this court in granting a new trial. (*Bailey v. Beck,* 21 Kan. 462, 464; *City of Kinsley v. Morse,* 40 Kan. 588, 20 Pac. 222; *Taylor v. Abbott,* 85 Kan. 198, 115 Pac. 979; *Campbell v. Brown,* 85 Kan. 527, 534, 117 Pac. 1010; *Rambo v. Electric Co.,* 90 Kan. 390, 394, 133 Pac. 553; *Sims v. Williamsburg Township,* 92 Kan. 636, 643, 141 Pac. 581.)"

The defendant complains of the exclusion of evidence offered by him. He was a witness for himself and was questioned by his counsel concerning the amount of property he owned. On objection, the evidence was excluded. The evidence was not produced on the hearing of the motion for a new trial; and, under section 60-3004 of the Revised Statutes, its exclusion cannot be considered. (*State v. Wellman,* 102 Kan. 503, 512, 170 Pac. 1052; *State v. Schroeder,* 103 Kan. 770, 176 Pac. 659; *State v. Ball,* 110 Kan. 428, 204 Pac. 701; and *State v. Atteberry,* 117 Kan. 650, 232 Pac. 1020.)

The judgment is affirmed.