## T. C. HARTLEY, *et al.*, V. JAMES CHIDESTER.

1. MOTION, *Treated as for New Trial.*  Where, after verdict, the defeated party files a motion "to set aside and vacate the verdict of the jury," upon the grounds that the verdict is not sustained by sufficient evidence and is contrary to law, and for errors of law occurring at the trial and excepted to; and the motion does not in terms purport to be a motion for a new trial, but only a motion "to set aside and vacate the verdict of the jury;" but the motion is treated by both parties and the court as a motion for a new trial: *Held,* That the supreme court will also treat it as a motion for a new trial.

2. DEPOSITIONS — *Notice* — *Time.*  A notice to take depositions should allow the adverse party one day for preparation, and sufficient time, by the usual route of travel, to attend the taking of the depositions, excluding all Sundays and the day of the service of the notice.

3. NOTICE — *Insufficient Time.*  Therefore, where the notice was that the depositions would be taken on a certain day, commencing at eight o'clock in the morning, and, under the foregoing rule, the adverse party could reach the place where the depositions were to be taken only by using the day on which they were to be taken for traveling to such place, *held,* that the time given for taking the depositions was insufficient, and the depositions so taken, and taken in the absence of the adverse party, should be suppressed at his instance.

*Error from Cherokee District Court.*

THE opinion contains a sufficient statement of the facts. July 14, 1884, judgment for defendant *Chidester.*  The plaintiffs, *Hartley* and another, bring the case here.

*Ritter & Skidmore,* for plaintiffs in error.

*Case & Glasse,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by T. C. Hartley and E. P. Mendenhall, before a justice of the peace of Cherokee county, against James Chidester, to recover $116.25, with interest and costs, for an alleged balance due on two certain promissory notes and a chattel mortgage, executed by the defendant to the plaintiffs.  After judgment in favor of

the plaintiffs, the defendant appealed to the district court, where three separate trials were had, each resulting in a verdict for the defendant. The last trial was had before the court and a jury on the said claim of the plaintiffs and on an alleged counterclaim of the defendant, and on the last verdict a judgment was rendered in favor of the defendant and against the plaintiffs for the sum of $281.21 as damages, and $723.55 as costs. To reverse this judgment the plaintiffs, as plaintiffs in error, bring the case to this court for review.

The defendant, as a preliminary question, claims that no motion for a new trial was made or filed in the court below. The only motion filed in the court below, which can at all be called a motion for a new trial, reads (omitting the caption) as follows:

" Come now the plaintiffs in the above-entitled action and move the court to set aside and vacate the verdict of the jury in this action for the following reasons :

" 1. Said verdict is not supported by sufficient evidence, but is contrary to the evidence.

" 2. The verdict is contrary to law.

" 3. Errors of law occurring at the trial, and excepted to by the plaintiffs."

This motion was treated in the court below by both the parties and the court as a motion for a new trial, although it will be seen that in terms it does not purport to be a motion for a new trial, but only a motion " to set aside and vacate the verdict of the jury." But it might well be treated as a motion for a new trial, for if the verdict of the jury in this case were set aside and vacated, a new trial would necessarily and inevitably follow. In several places in the record, and in at least three different journal entries, the motion in the present case is called a motion for a new trial; and it is not anywhere designated as anything but a motion for a new trial. Under such circumstances we think this court should treat the motion as a motion for a new trial. It is, perhaps, immaterial in this case, however, whether the motion be considered as a motion for a new trial, or not; for one of the material errors alleged by the plaintiffs is the overruling, before

1. Motion, treated as for new trial.

the trial commenced, of exceptions to certain depositions, as well as the permitting of such depositions to be read in evidence during the trial.

The next question to be considered, and the first one raised by the plaintiffs in error, is whether the court below erred, before the trial commenced, in overruling the plaintiff's exceptions to certain depositions, and erred after the trial commenced in permitting such depositions to be read in evidence.  One of the principal objections to the depositions is, that the notice given by the defendant to the plaintiffs of the time and place of taking the depositions did not give the requisite time, as prescribed by law, before taking the same.  There were two sets of depositions, and the notice for each set was given in Cherokee county, Kansas, and the depositions were to be taken at the city of Alkali, in Wasco county, Oregon.  The first notice was given on November 30, 1883, and the depositions were to be taken on December 10, 1883, between the hours of eight o'clock in the forenoon and six o'clock in the afternoon. The other notice was given on March 29, 1884, and the depositions were to be taken on April 8, 1884, commencing at eight o'clock in the forenoon.  The statute provides as follows:

"The notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service." (Civil Code, § 352.)

Two Sundays intervened in each case between the day of the service of the notice and the time fixed for the taking of the depositions; and under the evidence it would take seven days' continuous travel to go from Cherokee county, Kansas, to Alkali, Oregon.  Now under the statute, the day of service is to be excluded; also, the two intervening Sundays are to be excluded, and also one day for preparation; which leaves in the present case only six days for travel prior to the day on which the depositions were to be taken.

2. Depositions— notice—time.

This was not sufficient.  The defendant desires that the statute shall be so construed that Sunday shall be excluded only from the day for preparation, and not in any case from the days of

travel; but in our opinion the statute means that all Sundays shall be excluded, wherever they may come. Of course the service is never made on Sunday, and therefore Sunday could not be excluded from the day of service, and unless the service were made on Saturday, Sunday could not be excluded from the day given for preparation; for the day given for preparation must of course always be the next day after the day on which the service is made, unless such next day is Sunday. The legislature certainly did not intend to legislate for only such services as were made on Saturday, and it did not intend that parties should travel on Sunday against their will. The word "exclusive," used in the foregoing quotation, is evidently intended to apply to all that portion of the quotation which precedes it, and to all that portion which succeeds it, and to exclude the day of service and every Sunday intervening from the day of service to the day when the depositions are to be taken. In other words, all Sundays are to be excluded from all the time required from the beginning down to the time of the taking of the depositions, including the one day for preparation and the time given for traveling to the place where the depositions are to be taken. In the present case, the plaintiffs did not make any appearance, either in person or by counsel, at the time and place when and where the depositions were to be taken; and if all the days which the statute provides may be excluded, are excluded, they could not have done so if they had so desired. We think the court below should have sustained the plaintiffs' exceptions to the depositions; and in not doing so, and in afterward permitting the depositions to be read in evidence,

3. Depositions, error in admitting.

the court committed material error. The depositions were read on the trial, and it is admitted that they were material evidence in the case.

It is unnecessary to consider any of the other questions presented in this case.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.