THE CITY OF KINSLEY V. D. M. MORSE.

JUDGMENT — *Setting Aside* — *Misconduct of Jury.* Where a jury are de-
liberating upon what their verdict shall be, and during such deliber-
ation a ballot is taken by which it is ascertained that all of the jurors
are in favor of the plaintiff, and thereupon each juror marks on a
slip of paper the amount he believes the verdict should be, and such
marking shows the lowest sum to be $3,000 and the highest $5,000,
and it is then proposed by a part of the jury to aggregate such sums
and divide by twelve, which is done, and the quotient is found to be
$4,400, but no agreement is made that such marking, aggregation
and division shall determine their verdict, but afterward such sum is
agreed to, and returned as their verdict: *Held,* Where such verdict
has been approved by the trial court, this court will not disturb the
judgment.

*Error from Edwards District Court.*

THE opinion states the case.

*W. H. French,* city attorney, for plaintiff in error.
*Nelson Adams,* for defendant in error.

Opinion by CLOGSTON, C.: At the November, 1886, term
of the district court of Edwards county, the defendant in error
obtained a judgment against the city of Kinsley for $4,400
for personal injuries received by the plaintiff by falling into
an open cellar-way in said city.   This action was brought to
set aside that judgment, for misconduct of the jury before
whom said action was tried.   At the March term, 1887, a
trial was had before the court without a jury, and the court
made special findings of fact and conclusions of law, which
clearly state a history of this action.   The findings are as
follows:

"1. The city of Kinsley is and was at all the times here-
inafter mentioned a city of the third class of the state of
Kansas, organized, acting and existing under and by virtue
of the laws of said state, and situate in Edwards county, said
state.

"2. On the 16th day of January, 1886, the defendant, D.

M. Morse, commenced an action in said district court of Edwards county against the plaintiff, to recover the sum of five thousand dollars for damages alleged to have been sustained by him through the negligence of this plaintiff, the city of Kinsley, in allowing an excavation in one of the streets of said plaintiff to remain open and unguarded, by reason whereof the defendant, D. M. Morse, without any negligence on his part, fell into the same and sustained personal injury, to his damage in the sum of five thousand dollars.

"3. Said plaintiff duly filed an answer to said petition in said action, denying all the allegations thereof; and thereafter such proceedings were had and taken that on the 5th day of November, 1886, at the October term of said court for said year, the said action of the defendant D. M. Morse against the city of Kinsley, the plaintiff herein, came on regularly for trial; whereupon a jury of twelve men was duly impaneled and sworn, and the trial of said cause proceeded with, the plaintiff in said action introducing evidence to support the allegations in his petition, and the defendant introducing evidence on its part to rebut the same and to maintain its defense to said action; whereupon the evidence was closed, and the court then instructed the jury, and the case was argued by counsel; whereupon, on the 6th day of November, 1886, at the hour of eight o'clock P. M., said cause was submitted to said jury, and the jury retired to deliberate upon their verdict.

"4. After the jury retired they organized by electing a foreman.

"5. Then they balloted for the purpose of ascertaining how many were for the plaintiff and how many for the defendant, without naming any sum.

"6. When the ballots were read it was found that all the twelve jurors were in favor of the plaintiff recovering some sum not named against the defendant city.

"7. They had a second ballot, each man naming upon the ballot, or marking upon the ballot, the amount in figures, dollars and cents, that he thought the plaintiff ought to recover against the defendant; the ballots were, after they were so marked (the slips of paper), deposited in a hat; they were then withdrawn one at a time and read in the presence of the jury, so that each man knew what each other man had marked.

"8. Some member of the jury suggested that they add up the several sums represented on the twelve slips of paper and

divide the same by twelve; that was done, and the quotient was four thousand four hundred dollars, and the jury then agreed that they should return the sum of four thousand four hundred dollars as their verdict in the case.

"9. The jury were out from three to four hours considering the case.

"10. The jury returned into court and returned a verdict in favor of the plaintiff in said action, D. M. Morse, against the defendant therein, the city of Kinsley, plaintiff herein, in the sum of four thousand four hundred dollars.

"11. After they had returned their verdict into court the jury was polled, and each juror answered that the sum so returned was his verdict.

"12. Thereupon the defendant in said action, plaintiff herein, filed a motion to set aside said verdict and for a new trial in said action; whereupon, on said 6th day of November, the hearing of said motion was continued for the term.

"13. Said October term for the year 1886 was on Monday, the 8th day of November, 1886, at the hour of ten o'clock A. M., duly adjourned *sine die*.

"14. The plaintiff herein, defendant in said action, did not discover the facts constituting the alleged misconduct and irregularity of said jury in finding their said verdict, as set forth in findings five, six, seven, eight, nine, ten and eleven, until after the adjournment of said October term, but did discover the same after the adjournment of said term.

"15. Said facts so set forth in said findings, or any facts constituting misconduct or irregularity of said jury in finding said verdict, as alleged in the petition herein, could not with reasonable diligence have been discovered before the adjournment of said term, but said facts were discovered after said term."

The court found as conclusions of law:

"That said verdict was not the result of chance, or rather the result of addition and division solely, but the addition and division was a process employed in agreeing upon a sum that they were all willing to return as a verdict, and not by any previous agreement that they would mark down upon slips of paper the amount each was in favor of, and then adding it up and dividing it by twelve, and the quotient should constitute the verdict; and therefore said verdict should not be set aside, but judgment should be rendered herein for the defendant for his costs."

And upon these findings judgment was rendered for the defendant for costs. Plaintiff now insists that part of these findings are not supported by the evidence; and second, that under the findings the verdict and judgment ought to have been set aside. We think the findings of the court are fully supported by the evidence. The evidence produced at the hearing was in some respects conflicting, but taken as a whole, the court's findings were clearly supported by the facts. This verdict is attacked for the reason that it was obtained by marking, aggregation, and division. This verdict is claimed to fall within the decision in *Bailey v. Beck*, 21 Kas. 462, and *Johnson v. Husband*, 22 id. 277. In the first case relied upon there was a marking, aggregation and division had, but there was no agreement that the amount so arrived at should be the verdict, and in fact the amount named and returned by the jury was not the amount found by such aggregation and division, and the verdict was approved by the trial court and sustained by the supreme court. This case is precisely with the *Bailey v. Beck* case, with the exception that in this the amount returned by the jury was the amount or quotient resulting from such marking, aggregation, and division; while in the case of *Johnson v. Husband*, the jury agreed beforehand, or at least a large number of them did, that they would mark, and after dividing the aggregate by twelve, the quotient thus obtained should be their verdict, and so it was returned by reason of their agreement to do so made before such marking and division. So this case falls directly between the two decisions cited, and is not directly covered by either.

The findings show that in this case no agreement was made until after the quotient was obtained, and that was found to be $4,400. The jury then agreed that $4,400 should be their verdict, and they so returned it, and their verdict was approved by the trial court. While the practice of ascertaining a verdict in this manner ought not to be encouraged or recommended, yet where the result arrived at in this manner is not by virtue of an agreement of the jurors, but is done without any expectation that it shall be the verdict, and after-

*In re* Eddy, *Petitioner.*

ward that sum is agreed upon as the verdict of the jury, we think the verdict ought not to be disturbed for that reason. The lowest amount on the ballot of the jury was $3,000, and the highest named was $5,000, the amount plaintiff claimed being $5,000. As all verdicts are more or less arrived at by compromise between jurors, we cannot say that in this case any injury has resulted by reason of the manner in which the decision was reached. The verdict was approved by the trial court, and we will not set the judgment aside.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.