KATIE BAILEY, *Appellee*, V. THE PRIME WESTERN SPELTER COMPANY, *Appellant*.

No. 16,630.

1. PERSONAL INJURIES—*Factory Act.* In an action for injury to an employee, prosecuted under the factory act, a judgment for the plaintiff was affirmed.

2. NEGLIGENCE—*Contributory.* The adoption of a method not so safe as another does not necessarily constitute contributory negligence.

3. PARTIES — *Capacity* — *Waiver.* The question whether the plaintiff could maintain an action should have been raised by demurrer or by answer, and not in the brief on appeal.

Appeal from Allen district court. Opinion filed July 9, 1910. Affirmed.

*J. C. Rosenberger, Clyde Taylor, Kersey Coates Reed,* and *Harkless & Histed,* for the appellant.

*F. J. Oyler,* for the appellee.

*Per Curiam:* The controlling evidence in this case was given by witnesses who demonstrated the facts by using a model of the machine by which the decedent was killed. Here is a typical question and answer:

"Ques. You say he put his hand in just the way you are doing it there? Ans. Right in this way [indicating] under that spout, and when he tripped it appeared like his hand turned over that way [indicating]."

The model is not before this court, and if it were the demonstrations could not be reproduced here. Consequently the general and special findings of the jury will not be disturbed as contrary to or unsupported by the evidence.

The action having been prosecuted under the factory act, the court committed no error in refusing to give the instruction requested relating to assumption of risk, and it is not important whether the jury should

have acquitted the decedent of contributory negligence. (*Manufacturing Co. v. Bloom,* 76 Kan. 127; *Caspar v. Lewin,* 82 Kan. 604.) However, it may be observed that at common law the adoption of a method not so safe as another does not necessarily constitute contributory negligence. The course pursued must, in addition, be so dangerous that a reasonably prudent person would not adopt it. (*Brinkmeier v. Railway Co.,* 69 Kan. 738.) Therefore, the fact that the decedent used his hand instead of a shovel does not convict him of contributory negligence.

The decedent was clearly in the discharge of his duty, and for the reasons already indicated this court can not declare that the absence of a safeguard did not contribute to his injury.

It is idle to contend that because of the statement of the common law in the tenth instruction the force of the fourth, seventh, thirteenth and fourteenth instructions may not have been apprehended. The objection to the fourteenth instruction is too hypercritical to deserve extended comment.

The bit of evidence complained of does not tend to show, as the motion to strike out assumed, that some other machine had a guard. It merely shows another machine in precisely the same condition as the one in question. The question whether the machine in controversy needed a guard and the question whether a guard on such a machine was practicable were not affected one way or the other.

The question whether the plaintiff had the right to maintain the suit should have been raised by demurrer or by answer. Instead of this it was first raised in a supplemental brief filed in this court by new counsel, after the cause had been briefed on both sides by the attorneys of record and was ready for submission. Therefore, the defense, if it be a defense, was waived.

The judgment of the district court is affirmed.