J. E. WEEKS, *Appellee*, v. THE SEYMOUR PACKING COM-
PANY, *Appellant*.

No. 18,338.

SYLLABUS BY THE COURT.

"FACTORY ACT"—*Injuries Not Caused by Alleged Negligence.*
Where it clearly appears, in an action for personal injuries
under the factory act, that the injuries did not result from a
failure to inclose the elevator complained of and that such
failure did not contribute thereto, no recovery can be had.

Appeal from Shawnee district court, division No. 2.
Opinion filed July 5, 1913.   Reversed.

*R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* all
of Topeka, for the appellant.
*D. H. Branaman,* of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.:  In his petition the appellee summarized
his grounds of complaint against the appellant as fol-
lows:

"That said elevator and elevator shaft were improp-
erly constructed, in that the same were placed too close
to the west wall of the refrigerator room as aforesaid,

and in not leaving space enough to get to said fuse-box excepting through the elevator shaft.

"In placing the large post at the southeast corner of said elevator shaft and thus preventing access to the fuse-box through the small opening between said shaft and the west wall of said refrigerator room.

"In placing said fuse-box in such a position as to make it impossible to reach the same excepting through the elevator shaft.

"In not properly and substantially inclosing said elevator shaft so as to secure, protect and guard the lives and limbs of its employees.

"In failing to provide plaintiff with a reasonably safe place to work."

As will be seen the petition sets forth a common-law action for failure to provide the appellee a reasonably safe place to work, and also a cause of action under the requirements of the factory act (Gen. Stat. 1909, §§ 4676-4683) for not inclosing the elevator shaft in accordance with the provisions of that act.

The briefs of both parties say that the case comes within the factory act. The court by instruction No. 6 also limited the consideration of the case to the factory act. The instruction reads:

"On the other hand, if you find from the evidence that the defendant did cause said elevator shaft to be properly and substantially inclosed or secured, or if you find that even though it did not cause the same to be properly and substantially inclosed or secured, the absence of such safeguard or precaution or the failure to provide the same did not directly contribute to the plaintiff's alleged injury, or in case you find that the building or structure in which said elevator shaft was contained or located was not a manufacturing establishment, then and in either of said cases the plaintiff is not entitled to recover and your verdict must be for the defendant."

In defense the appellant pleaded the contributory negligence of the appellee and it is urged that the evidence supports this plea. If there is cause of action against the appellant for noncompliance with the fac-

tory act and such noncompliance was the cause or a contributing cause of the injury to appellee, contributory negligence on the part of the appellee is no defense. (*Caspar v. Lewin,* 82 Kan. 604, 109 Pac. 657; *Bailey v. Spelter Co.,* 83 Kan. 230, 109 Pac. 791; *Sibley v. Cotton-mills Co.,* 85 Kan. 256, 116 Pac. 889.)

The defense of contributory negligence would, however, have been available had the case been tried upon the common-law charge of negligence of the appellant. The appellant assigns three grounds of error, each of which depends upon the question whether the evidence was sufficient to sustain the verdict and judgment.

By the undisputed evidence the elevator, which caused the accident, was in and a part of a manufacturing establishment and consisted of simply a platform, supported by upright posts and framework, which was raised and lowered between the first and the third story of the building for the purpose of carrying freight. On the second floor, where the accident occurred, the only protection to prevent people from walking into the elevator shaft was a wall on one side and a 2 x 4 scantling fastened on two sides. On the fourth side, where it was designed to enter and depart from the elevator with freight, a 2 x 4 scantling was fastened by a hinge-joint to the post on one side and at the other side it was caught when lowered to a horizontal position. It was opened by simply lifting the unfastened end of the bar to a perpendicular position along the post to which the other end of the bar was hinged.

There is no controversy as to the evidence in the case. In fact, the appellee was the only witness introduced on the trial. Photographs of the elevator at different floors, open and closed, and a model of the building and elevator were introduced in evidence and have been exhibited here for our examination in considering the questions involved. That the elevator was inclosed as required by the factory act is not contended, but it is contended that the evidence entirely fails to

show that the failure to inclose the elevator in any way contributed to appellee's injury.

According to appellee's evidence it became his duty to open a fuse box which was fastened upon the wall at the side of the elevator in such manner that one could not get to it to open it without entering, partially at least, into the elevator shaft. He had to open the fuse box to adjust the electric wires in the building. To gain access to the fuse box he leaned over the movable bar, before described, bringing the upper part of his body within the shaft. He says the bar was down in the horizontal position at the particular time of the accident; that he put it down himself; that the bar was about thirty-six inches from the floor; that while he was leaning over the bar and looking at the fuse box, the elevator was lowered from the floor above and crushed him to the floor.

Having the model, which it is agreed is correct, before us and reading appellee's evidence, it is impossible to conceive how the failure to inclose the elevator as required by the factory act contributed to his injury. If the elevator had been completely inclosed on that floor, with a door for ingress and egress, he would have been compelled to open it to get to the fuse box. With the elevator at the floor above him, the bar over which he leaned to examine the fuse box was apparently the best protection he could have to keep him from falling into the shaft and which would at the same time permit him to lean around the post and examine the fuse box.

Had the elevator been inclosed with a door at the landing the appellee, to get to the fuse box, would have been compelled to open it and to have stood, partially at least, over the shaft. If then the elevator had descended upon him, oblivious as he seems to have been to his surroundings, he would not only have received injury from the impact but would almost inevitably have been knocked to the bottom of the elevator shaft.

It was a deplorable accident, terrible in its conse-

Duncan v. Railway Co.

quences to appellee, but we are unable to see that any evidence produced tended to prove that the failure of the appellant to inclose the shaft contributed thereto.

The judgment is therefore reversed and the case is remanded with instructions to render judgment for the appellant.