GRACE RAMBO, *Appellee*, v. THE EMPIRE DISTRICT ELECTRIC COMPANY, *Appellant*.

No. 18,347.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Climbing Telephone Pole—Contributory Negligence—Question of Fact.* An employee of a telephone company whose duty required him to pass between defectively insulated high-tension electric light wires in climbing a telephone pole, and who was killed in doing so, can not be charged with contributory negligence as a matter of law merely because he failed to ask that the electric current be turned off, which would have been done at his request.

2. —— *Same.* If the danger in ascending the pole was not so great and so apparent that a person of ordinary prudence would not encounter it the deceased would not of necessity be negligent in undertaking to do so, and whether or not he was negligent was a question for the jury.

3. WRONGFUL DEATH—*Measure of Damages—Instructions.* In an action for damages for the death of the deceased brought by his widow against the electric light company the court instructed the jury that the plaintiff's recovery should be for pecuniary loss only for a time not exceeding the deceased's expectancy, and in a sum not to exceed $10,000. The defendant made no request for further instructions regarding the measure of damages and the verdict was for a moderate amount. *Held*, the defendant was not prejudiced because the instruction was not more full or specific.

4. QUOTIENT VERDICT. The principle announced in the case of *City of Kinsley v. Morse*, 40 Kan. 588, 20 Pac. 217, applied to a verdict the amount of which was arrived at by the quotient method.

Appeal from Cherokee district court. Opinion filed July 5, 1913. Affirmed.

*William F. Sapp, Andrew S. Wilson,* both of Galena, and *Arthur E. Spencer,* of Joplin, Mo., for the appellant.

*Edward M. Tracewell, William J. Moore, Andrew H. Skidmore,* and *Stephen L. Walker,* all of Columbus, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The Galena Home Telephone Company maintains a telephone exchange in the city of Columbus, and the defendant, the Empire District Electric Company, supplies the inhabitants of the city with electric light and power. At a certain point in the city, midway between two poles carrying six electric light wires, the telephone company erected a pole which passed between the electric light wires, leaving three. on one side and three on the other. On this pole and above the electric light wires were placed a telephone cable, a cable box, and a number of telephone wires. Below the cable box a small platform was constructed for the support of employees while at work about the top of the pole. One of the electric light wires was supported by a bracket attached to the telephone pole some eighteen inches below and on the side opposite the platform. It carried 2200 volts of electricity, and its insulation was obviously defective. The insulation upon the other electric light wires on the same side of the pole was practically new. The insulation upon two of the electric light wires on the other side of the pole was worn. The third wire on that side was a heavy one well insulated. A space of about two feet between the electric light wires on opposite sides of the pole was afforded to employees of the telephone company who were obliged to climb to the platform. In the course of his duty Harry Rambo, an experienced man in the service of the telephone company, was obliged to ascend the pole in question. In doing so he came in contact with the defectively insulated high-tension

wire, and was killed. It is likely that his left arm came in contact with the wire while his extended right hand touched a depending loop of the telephone cable above him. Just what happened can not be known. His widow sued the electric company for damages and recovered a verdict and judgment for $4467.50. The defendant appeals.

The defendant was clearly guilty of negligence. Indeed no serious effort was made to justify its conduct, and the action was defended upon the ground that the deceased assumed the risk and was guilty of contributory negligence. Assumption of risk, being a matter of contract between an employee and his employer, could be involved only in an action against the telephone company, and the question presented is whether or not this court can declare as a matter of law that the deceased was guilty of contributory negligence. The jury and the trial judge concur in the opinion that in the discharge of his duty to his employer the deceased might without fault undertake to pass between the electric light wires in an ascent of the telephone pole. The most that can be said is that fair-minded men might disagree upon the subject, and such being the case the propriety of his conduct was a matter for the jury to determine.

The defendant pleaded and offered evidence to prove that some months before the casualty occurred its manager notified the deceased that whenever he desired to work above the electric light wires the current would be turned off at his request, and that no such request was made. An instruction was asked and refused to the effect that if the jury found the facts to be as the defendant claimed, the plaintiff could not recover. A person in the situation of the deceased can not be charged with contributory negligence merely because he failed to take available measures to insure safety beyond all doubt. The question still remains whether or not a reasonably prudent man would, under all the

circumstances, act as he did. If the danger was not so great and so apparent that a person of ordinary prudence would not encounter it, he was not negligent as a matter of law. (*Brinkmeier v. Railway Co.,* 69 Kan. 738, 77 Pac. 586; *Railroad Co. v. Morris,* 76 Kan. 836, 845, 93 Pac. 153; *Lewis v. Barton,* 82 Kan. 163, 107 Pac. 783; *Bailey v. Spelter Co.,* 83 Kan. 230, 109 Pac. 791; *Delmore v. Flooring Co.,* ante, p. 90, 133 Pac. 151.) Therefore the requested instruction was properly refused. The facts upon which the instruction was based were included, however, in an instruction upon the subject of contributory negligence so that the jury's attention was directed to them as constituting a portion of the defense to the action.

It is claimed that the court erred in that it did not make a detailed statement to the jury of the elements which might be taken into consideration in fixing the amount of damages if the verdict were for the plaintiff. The court did limit recovery to pecuniary damages for a period not exceeding the deceased's expectancy and to a sum not exceeding $10,000. The defendant was willing to go to the jury upon these instructions without requesting more definite directions, and consequently can not now complain of their insufficiency. If it were apparent that an injustice had been done because the instructions were not specific enough to meet the needs of the jury this court might interfere, but such is not the case. The deceased was thirty-five years old and had an expectancy of 31.76 years. His widow was 31 years old and had an expectancy of 34.62 years. He had good health, was able-bodied and strong, did not use intoxicating liquor, and had good habits. He had worked for the telephone company for six or seven years. That company had exchanges in the cities of Columbus, Galena, Scammon, and Weir. For three years previous to his death he had been in charge of the Columbus plant and of the toll lines in each direction for some distance outside the city. To

some extent he had control of the Columbus office, having authority to employ office help. No one was over him locally. He was the man in charge of the Columbus plant. He was industrious, competent and experienced. He earned at the time of his death from $2 to $2.50 per day, all of which he used in providing for his family, consisting of his wife and a child eight months old, who were without other means of support. Such was the undisputed evidence. If the court had chosen to elaborate its instructions it could have done little more than summarize these facts, and upon these facts the jury might well have based a much more liberal award.

The defendant insists that the judgment should be reversed because the verdict is a quotient verdict. The sum named in the verdict was obtained by the quotient method. This was done, however, by way of a straw vote to see what the result would be and without any agreement to abide by the result. Afterwards the discussion as to the proper amount to be allowed to the plaintiff continued, other sums were voted on, and finally an agreement was reached to allow the amount named to stand. There was some conflict in the testimony of the jurors, but the finding of the trial court resolves it in favor of the validity of the verdict. The case is identical in principle with that of the *City of Kinsley v. Morse,* 40 Kan. 588, 20 Pac. 217, and besides, for reasons already stated, the defendant suffered no prejudice because of the size of the verdict.

The judgment of the district court is affirmed.