No. 19,688.

JASPER HELMS, *Appellee*, v. THE SOUTHWEST MISSOURI RAIL-
ROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NOTICE TO TAKE DEPOSITIONS—*Insufficient Time Allowed for Prepara-
tion and Travel.* A notice served on Monday to take depositions on
the Wednesday following at eight a. m. at a place which, allowing one
day for preparation after the day of service, would require the adverse
party to start from the place of service shortly after midnight on one
railroad and transfer to another during the night in order to arrive at
the place of taking the depositions at eight o'clock on Wednesday
morning did not afford the party a reasonable opportunity to attend
the taking of the depositions and is not a sufficient notice.

2. PERSONAL INJURIES—*Passenger on Rear Platform of Car—Contribu-
tory Negligence for the Jury.* A passenger on a street or interurban
car can not be declared to be guilty of contributory negligence as a
matter of law because he rises from his seat and goes out upon the rear
platform preparatory to alighting while the car is slowing down and
before it has come to a full stop. Whether he is negligent in going
out upon the steps before the car comes to a standstill is a question
for the determination of the jury after considering all the circum-
stances connected with the attempt to alight.

3. NOT A "QUOTIENT VERDICT." The rule of *City of Kinsley v. Morse,*
40 Kan. 588, 20 Pac. 222, as to quotient verdicts applied herein, under
which the verdict is upheld.

Appeal from Cherokee district court; DON H. ELLEMAN,
judge *pro tem.* Opinion filed November 6, 1915. Affirmed.

*Truman T. Burr,* of Galena, for the appellant.

*E. B. Morgan,* of Galena, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was begun by Jasper Helms
against The Southwest Missouri Railroad Company to recover
damages for personal injuries alleged to have been received
while alighting from one of defendant's cars. The defendant
company operates a line of street cars extending from Car-
thage, Mo., to Galena, Kan. On September 24, 1912, plaintiff, a
man between fifty-five and sixty-five years of age, boarded one
of defendant's cars in Joplin, Mo., paid his fare and told the
conductor where he wanted to get off in Galena. When near

Wood street in Galena he arose from his seat in the car and informed the conductor that he desired to alight at Wood street. The car began to slow down and plaintiff stepped down onto the lowermost step. As the car passed over the street intersection plaintiff alighted and fell, sustaining an injury to his right arm, and to recover damages for this injury this action was brought. Defendant moved for a continuance because of the absence of one of its principal witnesses, but this was denied. Plaintiff moved to quash the deposition of one of defendant's witnesses on the ground that insufficient time had been given in the notice and also that the notary public had failed to attach her seal to the certificate. The court sustained plaintiff's motion and suppressed the deposition. On the trial plaintiff offered evidence tending to show that his fall from the car was caused by a sudden jerk of the car, whereas defendant's witnesses testified that plaintiff deliberately stepped from the car while it was yet in motion despite warnings from the conductor not to do so, and also that the conductor undertook to catch hold of plaintiff and prevent him from falling. The jury made special findings of fact and fixed the amount of plaintiff's recovery at $400, allowing $30 for loss of time and $370 for pain and suffering. The defendant appeals.

Defendant's first complaint is of the adverse rulings on its motion for a continuance and on plaintiff's motion for the suppression of its deposition. While the court was in session on Monday, March 2, 1914, the defendant gave notice that the deposition of a witness would be taken in Sapulpa, Okla., on Wednesday, March 4, at eight a. m. The law requires that notice must be given so that the adverse party shall have a fair opportunity to attend, going by the usual route of travel, and one day for preparation, exclusive of Sundays and of the day of service. (Civ. Code, § 343.) Excluding Monday, the day of service, and Tuesday, the day of preparation, the plaintiff to reach Sapulpa at eight o'clock Wednesday morning by any route would have been required to take a train from Galena on Tuesday night, or rather Wednesday morning, at 1:20 a. m., go to Baxter Springs and there transfer to another line at 2:12 a. m., and if that train was not late he would arrive at Sapulpa Wednesday morning shortly before eight o'clock. Within the contemplation of the law the time given was not

reasonable or sufficient. The plaintiff was entitled to all of Tuesday for preparation and a reasonable opportunity thereafter to reach Sapulpa, Okla., according to the ordinary conveniences and usual route of travel. It is not reasonable to require unusual exertion by the adverse party in order to reach the place where the depositions are to be taken within the time fixed by notice. To compel the plaintiff to start shortly after midnight of Tuesday, change to another train an hour later, and begin the taking of depositions shortly after the arrival on Wednesday morning can not be regarded as reasonable. It was held in *Hartley v. Chidester*, 36 Kan. 363, 13 Pac. 578, that it was unreasonable to require a party to use the day fixed for the taking of the depositions in traveling to the place where they were to be taken. No error was committed in suppressing the deposition.

A continuance was asked because of the suppression of the deposition, and the testimony given by the witness in the deposition was made a part of the motion. An examination of it shows that the proposed testimony was cumulative in character, and the exclusion of the evidence, even if it had been properly taken, could hardly have affected the result. No error can be predicated on the ruling refusing the continuance on that ground.

A motion for a continuance was also based on the absence of witness Pickett, but the affidavit reciting the testimony he would have given if he were present was admitted and read to the jury, and the refusal of the continuance upon that ground is not error.

Complaint is made that the court erred in overruling the demurrer to plaintiff's evidence and in holding that there was evidence to sustain the findings and verdict of the jury. There appears to have been sufficient evidence to take the case to the jury and to uphold the findings. The evidence was conflicting as to whether there was an unusual jerk of the car after it had slowed down and as the plaintiff was about to alight from it. It is true, as defendant contends, that more witnesses testified in support of the theory of the defendant that there was no unusual jerk, but competent witnesses that were believed by the jury testified that there was a jerk when the plaintiff was on the steps of the car and about to alight

Helms v. Railroad Co.

from it. The credibility of these witnesses and the truth of their statements have been determined by the jury. The company was required to exercise the highest degree of care in carrying the plaintiff and other passengers and is responsible for injuries resulting from the failure to exercise such care towards them. In view of the testimony it must be held that whether the defendant failed to exercise due care towards the plaintiff was properly left to the decision of the jury.

It is contended that plaintiff was chargeable with contributory negligence in placing himself in a position of danger by leaving his seat and going out upon the rear platform and upon the steps preparatory to alighting from the car while it was in motion. It has been held that it was not contributory negligence *per se* for a passenger to attempt to alight from an ordinary railway train while it was running slowly, and whether the act constituted negligence which would bar a recovery was a question to be determined by the jury after considering the speed of the train, the conduct of those in charge of it and all of the circumstances connected with the attempt to alight. (*A. T. & S. F. Rld. Co. v. Hughes,* 55 Kan. 491, 40 Pac. 919.) In another case the plaintiff suffered an injury while she was boarding a street car, and which resulted, she alleged, from starting the car with a sudden jerk. At the time she was stepping from a running-board to the floor of the car, and she claimed that she was thrown off by the violent jerk, and upon the question as to whether her act was negligence or a question for the jury to decide it was said:

" 'Safely on' is a relative term. Most passengers are safely on when clear of the ground. Some ride safely on the running-board. Certainly it is not necessary to hold a car until an incoming passenger goes through it, inspects the seats and the passengers already aboard, chooses a location, and sits down. Then, the manner in which the car is started and moved may be considered in connection with the situation of the passenger. It may be started without jerk or shock and proceed by such slow and gentle motion that his progress into the car is not disturbed. . . . The jury should be allowed to say not only what the facts are but whether under all the circumstances the conduct of the defendant was negligent." (*Railway Co. v. Warren,* 74 Kan. 244, 249, 250, 89 Pac. 656.)

To make preparation to leave a street car while it is in motion can not be declared to be contributory negligence as a matter of law. It is a common practice among passengers

Helms v. Railroad Co.

to leave their seats as the car approaches the stopping place, a practice which is not regarded to be necessarily dangerous by either carriers or passengers. Travel would be greatly impeded if passengers proposing to alight from street or interurban cars should keep their seats and make no preparation to leave until the car was brought to a standstill. According to the plaintiff's testimony he had notified the conductor of his desire to alight at the street crossing. The car began to slow down, and the plaintiff therefore assumed, and had a right to assume, that the car was about to stop. Acting on that assumption he moved to the exit and out upon the steps, from which he was to alight. While in this position, after the car had slowed down almost to a stop, there was a sudden jerk which threw plaintiff upon the ground and caused the injury. Accepting his testimony as true, as we must, the court can not say that he was negligent as a matter of law nor that there was no basis for the finding of the jury against contributory negligence.

Defendant contends that the judgment should be set aside because the jury had brought in what is called a quotient verdict. It appears that there was some difference of opinion as to the amount which should be allowed to the plaintiff for loss of time and for pain and suffering. No other damages were awarded. It appears that after learning of this division each juror marked down on paper his estimate of the damages. These were added together and divided by twelve, and the result was $400. This result was not accepted as a verdict, but later upon further consideration another ballot was taken and an agreement was reached that $400 should be the extent of the recovery. Consideration was afterwards had as to the items that entered into the verdict, and it was agreed that $30 was the allowance for loss of time and $370 for the pain and suffering endured by plaintiff. Under the rule of former cases the court was warranted in approving the verdict. (*City of Kinsley v. Morse*, 40 Kan. 588, 20 Pac. 222; *Campbell v. Brown*, 85 Kan. 527, 117 Pac. 1010; *Rambo v. Electric Co.*, 90 Kan. 390, 133 Pac. 553; *Sims v. Williamsburg Township*, 92 Kan. 636, 141 Pac. 581.)

All the assignments of error have been examined, and we find no substantial error in any of them.

The judgment of the district court is affirmed.