No. 21,273.

C. V. ORENDORFF, *Appellee*, v. BROWN BED MANUFACTURING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PLEADING—*Verified Account—Affidavit on Belief Sufficient.* Although a positive affidavit to its correctness is necessary in order that an account may be regarded as duly verified, the denial thereof is sufficient if supported by the oath of the affiant that he believes it to be true.

2. TRIAL—*No Error in Record.* Various trial rulings held not to have been erroneous.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed June 8, 1918. Affirmed.

*J. C. Culver*, of Yates Center, for the appellant.

*S. C. Holmes*, of Yates Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: C. V. Orendorff sued the Brown Bed Manufacturing Company for a balance of $225 alleged to be due for his services for two years as a traveling salesman, selling on commission. He recovered a judgment for $122.79, and the defendant appeals.

1. The answer included a verified statement in accordance with the claims of the defendant, and the contention is made that this version of the account must be taken as true because the affidavit in verification of the reply was not sworn to positively. An account to be regarded as duly verified by affidavit must be supported by the positive statement of the affiant under oath. (*Boot and Shoe Co. v. Martin*, 45 Kan. 765, 26 Pac. 424.) But the code expressly provides that an affidavit in verification of a pleading shall be sufficient if it states that the affiant believes the facts stated therein to be true. (Gen. Stat. 1915, § 7005.) Moreover, the issue was fully tried out on the theory that it had been properly raised, and a defect in the verification would not have been material.

2. The plaintiff alleged in his petition that he was unable to state just how much expense money had been advanced to him, but that all bookkeeping was done by the defendant; also, that

he was unable to state the exact number of orders taken, or the volume of business done. He testified, however, in some detail from memoranda he had made. Complaint is made that this amounted to a variance from his pleading. If so, no prejudice was shown and the fact is immaterial. (Gen. Stat. 1915, § 7026.) Complaint is also made because the trial judge asked questions of the plaintiff and assisted him in figuring out the balance he claimed. No abuse of discretion is shown in this regard.

In one of the instructions it was stated that the plaintiff's evidence tended to show that he was to receive a commission of 8 percent on all sales. The defendant urges that this was erroneous, because the plaintiff admitted that as to some goods his commission was to be 5 percent and that on others the amount was graduated from 6 to 9 percent. The plaintiff did admit that on two kinds of beds the commission was to be 5 percent, but the number of sales of the beds referred to was shown, and the amount involved was small and definitely ascertained. He did not admit the graduated scale of commissions on other lines, although he testified to a conversation on the subject. That matter was therefore properly left to the jury. In the same instruction it was said that the plaintiff contended that he had procured orders to a certain amount which were approved by the defendant. This statement is criticised on the ground that the plaintiff did not testify that the orders referred to were approved. He did testify, however, that he had sent in the orders and had no notice of their rejection. The effect of this testimony was a proper matter for the consideration of the jury.

In another instruction reference was made to the plaintiff's claim as one for 8 percent commission, and complaint is made that this was misleading because no mention was made of the 5 percent commission on the two kinds of beds. As has already been mentioned, the amount involved in this phase of the matter was small and definitely ascertained, and there is no likelihood that the jury were misled.

A juror made an affidavit that the jurors each marked the amount to which in his judgment the plaintiff was entitled, and that the verdict returned (which was afterwards agreed to) was for the average of the markings. As no agreement was

made in advance to be bound by the markings, the result was not to be regarded as a "quotient" verdict in the objectionable sense. (*City of Kinsley v. Morse*, 40 Kan. 588, 20 Pac. 222.) There was some room for elasticity in estimating the amount due the plaintiff, according to the theory adopted as to the special commission agreement on other goods than the two beds, and as to the number of orders rejected.

A part of the goods handled by the plaintiff were those of other companies, and the defendant asserts that as to them it was under no liability—that the plaintiff was to look for his commission to the companies filling the orders. This was a fair question for the jury.

The judgment is affirmed.